Walters v. The State of Iowa.

## WALTERS *v.* THE STATE OF IOWA.

Under the act for the suppression of intemperance, approved January 22, 1855, an indictment containing two counts, one of which charges the defendant with selling spirituous liquors to a person named, and the other, charges him with selling spirituous liquors to divers persons, whose names are to the grand jurors unknown, is not liable to demurrer, on the ground that it charges two distinct offences against defendant.

Where on the conviction of a defendant, charged with selling spirituous liquors, under the act for the suppression of intemperance, the court imposed upon the defendant, a fine of seventy-five dollars; and where it no where appeared from the record, that the present was a second or third conviction; *Held,* That there was no authority for the imposition of so large a fine.

An indictment in the district court, in a case where the offence is less than felony, or in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, which charges the offence to have been committed subsequent to the taking effect of the new constitution of the State of Iowa, is unauthorized and void, under section ten of the first article of the constitution.

*Appeal from the Lee District Court.*

TUESDAY, JANUARY 26, 1858.

Indictment for selling spirituous liquors, contrary to law. A motion to quash the indictment, was overruled by the court. Defendant then pleaded not guilty. The jury returned a verdict of guilty, and defendant was adjudged to pay a fine of $75, and to stand committed until the same was paid. From this judgment, he appeals.

*George C. Dixon,* and *C. E. Moss,* for the appellant.

*Samuel A. Rice,* Attorney General, for the State.

STOCKTON, J.— The indictment contains two counts. The first, charges defendant with selling spirituous liquors to one Arigoni; and the second, with selling spirituous liquors to divers persons, whose names to the grand jurors are unknown. The motion to quash the indictment raises

the question, whether the same charges two offences against defendant. Under the sixth section of the act for the suppression of intemperance, an indictment may allege any number of violations of its provisions by the same defendant, in different counts, and the party charged may be convicted and punished for each violation so alleged, as on separate indictments, and a separate judgment entered on each count. Acts 1855, ch. 45, 62. The motion to quash the indictment was, therefore, properly overruled.

It appears from the proceedings in the cause, that subsequently to the rendition of the verdict, the court imposed upon defendant a fine of seventy-five dollars. In this, we think, there was error. The highest fine authorized by the "act for the suppression of intemperance," is twenty dollars, except upon a second or any subsequent conviction. As it no where appears from the record, that the present was a second or third conviction of the defendant, there was no authority for the imposition of so large a fine.

We are met, also, by another inquiry, which, to our minds, presents an insuperable objection to the regularity and validity of the proceedings under this indictment. It was found by the grand jury, and presented in open court, on the 19th of September, 1857, and the offences charged against defendant are alleged in both counts, to have been committed by him on the 18th of September, 1857. This date was subsequent to the taking effect of the present constitution of the state of Iowa, which provides in the Bill of Rights, (section 11), that "all offences less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, shall be tried summarily before a justice of the peace, or other officer authorized by law, on information under oath, without indictment or the intervention of a grand jury, saving to the defendant the right of appeal." The offence charged against defendant by this indictment, was less than a felony, and the punishment authorized to be imposed upon him, on conviction, under the sixth sec-

tion of the "act for the suppression of intemperance," was a fine of twenty dollars. The indictment, therefore, and the proceedings under it, were wholly unauthorized and void, and the court could properly impose no punishment on defendant.

The judgment of the district court is reversed, and defendant ordered to be discharged.