## THE STATE OF IOWA *v.* SHAWBECK.

The offense of selling intoxicating liqours, without authority of law, contrary to the provisions of the act for the suppression of intemperance, approved January 22, 1855, and of the act amendatory thereto, approved January 28, 1857, is cognizable originally, only before a justice of the peace, and not by a grand jury.

*Appeal from the Louisa District Court.*

SATURDAY, DECEMBER 11.

The defendant was indicted for selling intoxicating liquors, without authority of law, contrary to the provisions of the act for the suppression of intemperance, approved January 22, 1855, and of the act supplementary and amendatory to the above act, approved January 28, 1857. The indictment was found at the March term of the district

court, 1858. The defendant demurred, assigning for one cause, that the grand jury had no legal authority to inquire into the offense charged. The demurrer was overruled, and the defendant convicted. He now appeals.

*Henry O'Connor*, for the appellant.

*S. A. Rice*, (Atty. General), for the State.

WOODWARD, J.—The objection to the indictment taken by the demurrer, is based upon section 2952 of the Code, and is supported by section 11 of article 1 of the constitution, adopted in August, 1857, which ordains that all offenses less than felony, and in which the punishment does not exceed a fine of one hundred dollars, or imprisonment for thirty days, should be tried summarily before a justice of the peace, on information, without indictment, or the intervention of a grand jury. This offense is alleged to have been committed subsequently to the adoption of the constitution.

In the case of *The State* v. *Walters*, 5 Iowa, 507, it was held that offenses of this nature, and under the act above mentioned, came within this provision of the constitution; and that they are cognizable, originally, only by a justice of the peace, and not by a grand jury. For this reason, we are constrained to hold that the court erred in overruling the demurrer, as is alleged in the assignment of errors. *The State* v. *Koehler*, 6 Iowa, 398.

The judgment of the district court is reversed, and the defendant is discharged.