2    291
8    114
18   194

## Homan v. Laboo.

BONA-FIDE PURCHASER.    Where the owner of property is induced by the fraud of another to part with it, an innocent purchaser from the party in possession will take a good title.

——: *Agent.*   And  it is immaterial whether the  possession is obtained from the owner in person or from his agent.

Petition in error to the District Court for Otoe County.

It was an action of replevin, brought by Homan against Laboo and George Ward to recover possession of a span of mules.

Homan claimed a special ownership, growing out of the following state of facts.

The property being in possession of one Adcock, Ward, claiming the general ownership, brought suit, and replevied the same.  Being unable to give the security necessary to obtain a delivery to him by the officer, he applied to Homan for that purpose.  To induce Homan to become security, he agreed to deliver the property to him, to be held as indemnity against loss ; and accordingly delivered the property to Homan, who took possession of the same by placing them in his stable.  A few days after, without the knowledge of Homan, about daylight in the morning, Ward appeared at the stable, and, by falsely representing to the man in charge that he had arranged with Homan to give up the property to him, obtained possession of them without the knowledge of Homan, and removed them from Omaha. Afterward, at the trial of *Ward* v. *Adcock*, a verdict was rendered against Ward for the value of the mules, which Homan paid in full.  Upon ascertaining that the

Homan *v.* Laboo.

property was in possession of Laboo, Homan ·brought replevin against Laboo and Ward in Otoe County; the trial resulting in a verdict and judgment against Homan. See report of the case when before the Court on a former occasion. 1 *Nebraska,* 204.

*A. J. Poppleton,* for plaintiff in error.

I. In case of a sale and delivery of personal property induced by the fraud of the vendee, he takes a title voidable, but not void. In the hands of the vendee the property may be reclaimed, but not in the hands of an innocent purchaser for value. *Mowrey* v. *Walsh,* 8 *Cowen,* 239 ; *Parker* v. *Patrick,* 5 *Term Repts.,* 175 ; *Rowley* v. *Bigelow,* 12 *Pick.,* 307.

But this is only true in case of a fraudulent sale and purchase. In case possession is obtained feloniously, or even tortiously, without a delivery from or by the consent of the real owner, the person so possessing himself of the property takes no title, and can convey none. 20 *Wend.,* 267, 268 ; 27 *Wend.,* 285 ; 5 *Cush.,* 137 ; 1 *Douglas, Mich. ; Wheelwright* v. *Depeyster,* 1 *John's,* 471 ; *McCarty* v. *Vickery,* 12 *John's,* 348 ; *Hollingsworth* v. *Napier,* 3 *Caines,* 182 ; *Root* v. *French,* 13 *Wend.,* 570 ; *Ash & Anners* v. *Putnam,* 1 *Hill,* 302 ; *Robinson* v. *Dancley,* 3 *Barb.,* 20 ; *White* v. *Gordon,* 5 *Eng. Law & Eq.,* 379.

Mere possession of personal property is not such a badge of ownership, or warrant to dispose of the same, as will protect a *bona-fide* purchaser for value. *Spraights* v. *Hawley,* 39 *New York,* 441.

Only payment or voluntary surrender of a pledge can deprive the pawnee of this security. *Edwards on Bailments,* 265 ; *More* v. *Woods,* 5 *N. H.,* 297 ; 6 *Vt.,* 123 ; 2 *Aik.,* 150.

HOMAN v. LABOO.

The only exception to the rule, that no one can convey a better title than he has, is that of a fraudulent purchaser. In that case the purchaser may convey a good title to a *bona-fide* purchaser for value. *Edwards on Bailments*, 266.

II. The Court below erred in charging, that if Homan knowingly permitted Ward to keep possession of the property, and sell to an innocent purchaser, it would confer no title, there being no testimony to support and make applicable such an instruction. 3 *Graham & Waterman on New Trials*, 824; *Bathune* v. *McCrary*, 8 *Geo.*, 114; *Bovard* v. *Christie*, 2 *Harris Pa.*, 267; *Jones* v. *Eason*, 2 *Iredell*, 331; *Lightburn* v. *Cooper*, 1 *Dana*, 273; *Robards* v. *Wolfe*, 1 *Dana*, 155; *Fay* v. *Grimstead*, 10 *Barb.*, 321.

*T. B. Stevenson* and *I. N. Shambaugh*, for the defendant in error.

I. The Court will not set aside the verdict of the jury if there is any evidence to support it. In this case there is an overwhelming preponderance of evidence in favor of the verdict.

II. The instructions asked by the plaintiff were rightly refused. The first states an abstract proposition of law not applicable to the facts of this case; and the second is liable to the same objection: and, as modified and given by the Court, they were more favorable to the plaintiff than he had a right to ask.

There is no pretence that the plaintiff was the owner of the mules. He had, at best, but a mere lien on the mules to secure him against his liability as Ward's security. Even if the owner of personal property is deceived, and induced by the false and fraudulent representations of another to sell and deliver to him such

HOMAN *v.* LABOO.

property, and it is afterwards sold by the wrongful possessor to an innocent third party for a valuable consideration, without notice of the fraud, such owner cannot follow up and reclaim the property from such purchaser. 1 *Parsons on Contracts*, 520 ; 2 *Kent's Comm.*, 666, *n. ;* 13 *Barbour*, 372 ; 1 *Selden*, 48 ; 34 *Eng. L. & Eq.*, 607 ; 6 *Johnson's Ch.*, 438.

Much less can a special owner having a mere lien on the property, which he has voluntarily surrendered into the possession of the general owner, although such possession may have been obtained by the false and fraudulent representations of such owner, follow up and reclaim the same from an innocent third party who has purchased the same from the owner in good faith for a valuable consideration, and without notice of the fraud. 3 *Parsons on Contracts*, 238, 242, 243, and 244.

III. The first, third, fifth, sixth, and seventh instructions asked by the defendant Laboo, and given by the Court, laid down the law of the case correctly. If the plaintiff voluntarily suffered Ward to repossess himself of the mules, or the possession of the same was obtained from the plaintiff by the false or fraudulent representations of Ward, and the plaintiff afterwards knowingly suffered Ward to keep possession of the mules, and Ward, while in possession of the mules, sold the same to the defendant Laboo, and Laboo purchased the same in good faith for a valuable consideration, and without notice of the plaintiff's claim, the law will protect the purchaser against the claim of the plaintiff. 1 *Parsons on Contracts*, 520 ; 3 *Parsons on Contracts*, 238, 242, 243, and 244 ; 2 *Kent's Comm.*, 666, *n.* 1 ; 13 *Barbour*, 372 ; 1 *Selden*, 48 ; 34 *Eng. L. & Eq.*, 607 ; 6 *Johnson's Ch.*, 438. Laboo was an innocent purchaser ; and, where one of two innocent persons must suffer by the wrongful act of a third party, the loss must be borne

HOMAN v. LABOO.

by that one who placed it in the power of the third party to perpetrate the fraud.

IV. The second instruction asked by the defendant Laboo was properly given by the Court.

The transaction between the plaintiff and Ward was a pledge or mortgage of the mules to secure the liability of the plaintiff as Ward's surety, and was valid and effectual against subsequent purchasers in good faith from Ward only so long as the plaintiff had and kept the actual possession of the mules.  *Rev. Stat.* 294, sect. 73; 3 *Parsons on Contracts,* 234, 238, 243, and 244.

And when the plaintiff parted with the possession of the mules, or suffered Ward to take or keep the same, he lost his lien, at least as against a purchaser from Ward in good faith for a valuable consideration, and without notice of any fraud.  See same authorities.

V. The verdict is for the right party, without regard to the instructions given or refused; and the Court will not disturb it.

CROUNSE, J.

This cause comes from the District Court for Otoe County.  It was an action instituted by Homan to recover a span of mules.  The plaintiff's claim to recover is based on the following facts: —

On June 5, 1868, one Ward came to Homan, a livery-stable proprietor in Omaha, and requested him to sign a replevin bond in a suit just begun by Ward against another party, in whose possession he found the mules in question.  Homan did so to oblige him, and upon the understanding that Ward would return to Nebraska City, where he was acquainted, and bring with him a friend who would take Homan's place on the bond, and that the mules should be left with Homan till he should be

HOMAN v. LABOO.

so released. On the eighth day of the same month, Ward returned to Omaha with one Jennings. They met Homan on the street, where Ward informed him that Jennings would go on the bond; to which Homan replied, " I am glad of it." Jennings did go to the officer having the bond, and sign it; leaving Homan's name on, of course. The next morning Ward went to Homan's stable, and, in the absence of Homan, assuring Hammet, the person in charge, that he had Homan's consent to take the mules away, induced Hammet to let him have them upon paying the charges for their keeping. Ward took the mules to the vicinity of Nebraska City, where, on the third day of July, he sold them to Laboo. Laboo swears that he bought them innocently and in good faith, and paid full value for them; and there is nothing in the record to question this. Homan, on the same morning the mules were taken by Ward, was advised of the fact, but took no steps to effect their return; and, while he himself swears that he supposed them to be about Nebraska City, he never sought their return until a short time before bringing this action, — in October of the same year, — and till about the time he found himself compelled to pay the amount of damages assessed against Ward in the latter's action to recover the mules.

From all this, it is quite clear to my mind, that, at the time Laboo purchased the mules, Ward was in possession, and assuming to be the owner of them, by the tacit assent of the plaintiff. Whether this was so because of an innocent mistake by both Ward and Homan as to the effect of Jennings's signature to the bond, or whether this belief on the part of Homan was induced by the fraud of Ward, it is very evident from the conduct of Homan that he considered himself released, and permitted Ward to have the mules. In either case, the rights of innocent third parties cannot be attacked. The rule is a familiar

HOMAN *v.* LABOO.

one, that, where one of two innocent parties must suffer by the wrong of another, he who puts it into the power of such persons to commit the wrong must bear the consequence. So, where the owner of property (whether general or special is immaterial) is induced to part with it through the fraud of another, the one so acquiring the possession can transfer a good title to an innocent purchaser. *Morey* v. *Walsh*, 8 *Cow.*, 238; *Fassett* v. *Smith*, 23 *N.Y.*, 252; *Winnie* v. *McDonald*, 39 *id.*, 240; *Hall* v. *Hincks*, 21 *Md.*, 406; *Shufeldt* v. *Pease*, 16 *Wis.*, 659.

Complaint is made to one of the instructions of the Court, which is in the following language : " Although the jury may believe from the evidence that the plaintiff, or his agent who had charge of the mules, was deceived or defrauded by Ward into parting with the possession of the mules, yet if the plaintiff or his agent voluntarily parted with the possession of the same, and afterwards, while Ward was in possession, Laboo bought them of him in good faith for a valuable consideration, and without notice of plaintiff's claim, they will find for the defendant Laboo."

The evidence shows no greater authority in Hammet than belongs to any stable-man; and such authority could not extend to the releasing of property pledged to his employer as indemnity against his liability on bonds. As an abstract proposition of law, therefore, the charge, as far as relates to the agent, is erroneous. But, in the view I have taken of the case, it is harmless. It is a matter of no consequence who let the mules go from the stable. The testimony before us admits of no other conclusion than that Homan permitted them to remain with Ward, and, in effect, indorsed what had been done by his agent.

A judgment will not be reversed because of the giv-

Homan *v.* Laboo.

ing of an erroneous instruction, where this Court can see that no harm has arisen therefrom.

The judgment of the District Court must be affirmed.

Judgment affirmed.