AULTMAN AND TAYLOR COMPANY AND JOHN STABLER, PLAINTIFF IN ERROR, V. EMANUEL STEINAN, DEFENDANT IN ERROR.

1. **Practice:** SERVICE OF SUMMONS. A summons must be served by delivering a copy to the defendant personally, or by leaving a copy at his usual place of residence. Service by leaving a copy at his place of business is not sufficient.

2. ———: APPEARANCE OF DEFENDANT. Where a defendant appears specially for the purpose of objecting to the jurisdiction of the court over his person, he must restrict his motion to the single question of jurisdiction.

3. ———: ———: UNDERTAKING IN REPLEVIN. A party cannot object to defects in an undertaking in replevin by a special appearance, nor to defects in the affidavit; nor because the plaintiff's ownership and right of possession are denied.

4. ———: REPLEVIN: SERVICE OF ORDER. It is the duty of an officer to whom an order of delivery is directed, to serve a copy of the same on the defendant, and if he fail to do so he will be liable for all damages which the defendant may sustain in consequence of such neglect. But the failure to serve such copy is not jurisdictional.

5. **Fraud.** A contract obtained by fraud is not void; it is merely voidable; and the rights of intervening innocent parties will be protected. *Homan v. Laboo*, 2 Neb., 291, adhered to.

6. **Costs.** A party innocently in possession of property cannot be subjected to costs unless a demand is made for the property, but where the defendant pleads property in himself, no demand is necessary. *Homan v. Laboo*, 1 Neb., 210, adhered to.

ERROR from the district court for Adams county.

It was an action of replevin brought by Steinan for the recovery of the possession of a threshing machine and the horse power connected therewith. The property had been sold by Aultman, Taylor & Co. to one Peter Deiken, a resident of Adams county, for the sum of $710, and notes of Deiken taken in payment thereof. While the same was in his possession, Deiken executed and delivered to Steinan two promissory notes for the sum of $146, and to secure the payment thereof gave a chattel mortgage upon the property. Deiken not paying the notes to Aultman & Taylor, their agent took possession of the property. Whereupon Steinan brought this suit in replevin, claiming title thereto by virtue of a condition in the mortgage that in case " the said Peter Deiken should attempt to dispose of or remove the said goods and chattels from said county, then it shall be lawful for said mortgagee or his assigns to take possession thereof wherever found, and sell the same at auction," etc. The Aultman & Taylor Company set up that their sale of the property to Deiken had been made by them, placing reliance upon a statement signed by him, that he was the owner of real estate, over and above all exemptions of the value of $1,600, and of personal property, over and above all exemptions of the value $800; that such statement was false and fraudulent, and when they ascertained the same they rescinded the contract of sale and took possession of the property, etc. Judgment below for plaintiff Steinan, and defendants come here by petition in error. Further facts appear in the opinion.

*Ash & Scofield*, for plaintiff in error, cited Gen. Stat., sec. 180, p. 553. Id., secs. 182, 190, 191, 192, 193, pp. 552, 554. *Mercer v. James*, 6 Neb., 412. *Williams v. West*, 2 Ohio State, 82. *Black v. Winterstein*, 6 Neb., 224. Laws of Neb., 1875, p. 9. *Rost v. French*, 13 Wend., 570. *McCurdy v. Brown*, 1 Duer, 101. *Collins v. Evans*, 15 Pick., 63. *Dunham v. Wyckoff*, 3 Wend., 280. *Purves v. Moltz*, 32 How., Pr., 478. *Smith v. Phelps*, 7 Wis., 211. *Ronge v. Dawson*, 9 Wis., 246.

*J. M. Abbott*, for defendant in error, cited *Butler v. Kaulbach*, 8 Kan., 668. *M. K. & T. Railway Co. v. Crone*, 9 Kan., 496. *Brookosver v. Esterly*, 12 Kan., 151. 2 Parsons Contracts, pp. 779–781. *Masson v. Bovet*, 1 Denio, 69. Bump on Fraudulent Conveyances, 484.

MAXWELL, CH. J.

This is an action of replevin. The plaintiffs in error were defendants in the court below. The attorneys for Stabler appeared in the court below as they state in their motion, "for the sole purpose of objecting to the jurisdiction of the court over the person of the said John Stabler, and over the subject matter of the suit, and for no other purpose whatever," and moved to quash the order of delivery and dismiss the suit.

*First.* Because the affidavit was defective.

*Second.* Because the affidavit does not show that the amount secured by the mortgage was due.

*Third.* That the affidavit does not show that the mortgagor had broken any of the essential conditions of the mortgage.

*Fourth.* Because the affidavit does not show that Stabler was the agent of Aultman, Taylor & Co., or held a joint possession of the property with them.

*Fifth.* Replevin does not lie against a corporation.

*Sixth.* The undertaking is defective, etc.

*Seventh.* The return does not show that the summons was personally served on Stabler, or that he was agent of Aultman, Taylor & Co.

*Eighth.* The court had not acquired jurisdiction of the subject matter of the action because the order of delivery was not properly executed, etc.

The return is as follows: "Served the within summons on John Stabler, Aultman, Taylor & Co., not found in the county of Adams and State of Nebraska, by delivering a true and certified copy of the original summons to John Stabler, by leave the same at his place of business." The return is vague and indefinite, but I think a fair construction of it to be, that the officer left a certified copy of the summons at Stabler's place of business.

Section 69 of the Code provides that "the service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual *place of residence*, at any time before the return day." Gen. Stat., 534. These requirements of the statute are imperative. The officer has no discretion in the premises. The defendant must be personally served, or a copy left at his usual place of residence, where there is no appearance, in order to give the court jurisdiction.

Had the motion, therefore, been limited to the single object of quashing the writ, it should have been sustained. But a party cannot appear specially, because the undertaking is defective—the statute points out the remedy for such defect; nor because the affidavit fails to allege the debt secured by a mortgage is due; nor because the plaintiff's ownership and right to the possession of the property is denied; nor because a copy of the order of delivery was not served upon the defendant. It is the duty of the officer to serve a copy

Aultman & Taylor Co. v. Steinan.

of the order of delivery upon the defendant, and if he fails to do so, and damages ensue in consequence thereof, as by a failure to except to sureties on the undertaking, the officer would be liable for such injuries. But the order is not jurisdictional, as the statute provides that in certain contingencies the action may proceed as one for damages. The defendant having made a general appearance, thereby waived all irregularities in the service of the summons. The motion to dismiss was therefore properly overruled.

Among other defenses the defendants in the court below alleged in their answer that "the said Peter Deiken was not, at the time of making such false and fraudulent pretenses and representations, the owner in fee simple in his own name of one hundred and sixty acres of land in the county of Adams, in the state of Nebraska, worth at the time, over and above what was exempt by law from execution for homestead and other purposes, the sum of $1,600.00. And whereas, in truth and in fact, the said Peter Deiken was not, at the time of making such false and fraudulent pretenses and representations, the owner in his own name of personal property not exempt from execution nor encumbered by chattel mortgage or otherwise, which was at that time worth, over and above all incumbrances, the sum of $800.00."

There is no distinct allegation that Deiken did not own the property of which he professed to be the owner. We are told that the real estate is not of the value of $1,600.00, and that the personal property is not worth $800.00; but this is mere matter of opinion. This court has already decided that it is not enough to allege that a party, by false and fraudulent representations, induced another to enter into a contract, but the party must state the particular and precise circumstances which constitute the alleged fraud. *Arnold v.*

*Baker*, 6 Neb. 135. *Clark v. Dayton*, Id. 192. But had the matter been properly pleaded, it would have constituted no defense as against the plaintiff in the court below. It is clearly shown that the defendants in the court below sold and delivered the machine to Deiken, taking his notes for the same, and while thus held, the mortgage in question was executed to Steinan to secure a *bona fide* debt, contracted apparently on the faith of said security. It is true the statute provides for the punishment, by fine or imprisonment in the county jail, of any person obtaining goods by false pretenses. But the contract is not void, it is merely voidable upon the discovery of the fraud; but intervening rights of innocent parties without notice are protected. The plaintiffs in error, having voluntarily parted with the title and possession of the property, cannot be permitted, after a considerable lapse of time, to re-assert such title and possession to defeat the rights of a *bona fide* lienholder. *Homan v. Laboo*, 2 Neb. 291.

It is claimed that no demand was made for the property, and that the plaintiffs in error, having peaceably obtained possession of the same, therefore they could not be subjected to costs without such demand. Such is undoubtedly the law, and it was so held in *Homan v. Laboo*, 1 Neb. 210. The testimony, however, clearly shows that a demand was made for the property before the action was instituted. But no demand is necessary when the defendant, as in this case, pleads property in himself. *Homan v. Laboo, supra.*

After a careful examination of the record it is apparent that justice has been done. Steinan, although entitled to the possession of the property, for the purpose of enforcing his lien, is not the owner of the property to the exclusion of other lien holders. It is his duty to sell the property in the manner required by law, and any surplus over the amount of his claim

should be paid to such junior lien holders, or to the owner of the machine. The judgment of the district court is clearly right and is affirmed.

JUDGMENT AFFIRMED.