G. L. VALLINDINGHAM ET AL. v. W. G. SCOTT.

[FILED SEPTEMBER 16, 1890.]

1. Bill of Exceptions: AFFIDAVITS used on the hearing of a motion for a new trial must be preserved in the bill of exceptions to be available in the supreme court, and cannot be attached as an exhibit to an assignment of error in the motion for a new trial.

2. Evidence *held* to sustain the verdict.

ERROR to the district court for Richardson county. Tried below before BROADY, J.

*E. W. Thomas*, for plaintiffs in error.

*Frank Martin*, and *E. A. Tucker, contra.*

MAXWELL, J.

This action was brought in the district court of Richardson county to recover the possession of three mules.

The property not being taken on the writ, the action proceeded as one for damages, and on the trial of the cause a verdict was rendered in favor of the defendant in error for the sum of $305. A motion for a new trial having been overruled, judgment was entered on the verdict.

The first error assigned in this court is the order compelling the plaintiff in error to proceed with the trial of the cause in the absence of their attorney. To this assignment there is an affidavit of their attorney attached to the motion for a new trial as an exhibit, but is not certified by the judge before whom the trial was had nor included in the bill of exceptions. Under these circumstances the affidavit cannot be considered, and there being no evidence in support of the assignment it must be overruled.

Second—There are a number of assignments of error in the petition in error which may be grouped together as containing but one proposition, viz.: That the verdict is against the weight of evidence.

The defendant in error is a son of Wm. F. Scott, and claims to be the owner of the property in dispute. His testimony upon the question of ownership is clear, direct, and explicit, and he is corroborated by a number of witnesses and not directly contradicted by any.

The father, Wm. F. Scott, who, it is claimed, executed a chattel mortgage to Gandy, denies that he ever executed such mortgage. The only evidence in support of the mortgage is that of Gandy himself. There is no proof whatever that Wm. F. Scott owned the mules in controversy at the time the mortgage in question was executed, while, personally, he denies such ownership.

It is difficult to perceive, therefore, how the jury could have rendered a different verdict in the case. There is no material error in the record, and the judgment is

AFFIRMED.

THE other judges concur.