HOWARD WHITNEY, SHERIFF, v. WILLIAM LEVON ET AL.

[FILED APRIL 7, 1892.]

| 34 | 443 |
|----|-----|
| 49 | 514 |
| 54 | 769 |
| 34 | 443 |
| f59 | 758 |
| 34 | 443 |
| 62 | 781 |

1. **Fraudulent Conveyances:** EVIDENCE. Where a chattel mortgage is executed on a stock of lumber and merchandise to secure a *bona fide* indebtedness for money advanced by the mortgagee, and the mortgagor is permitted to retain possession of the property mortgaged without any authority from the mortgagee to sell any part thereof, the fact that a few articles of small value were sold by the servant of the mortgagor without the knowledge or consent of the mortgagee, is not of itself sufficient to raise a conclusive presumption that the mortgage is fraudulent as to creditors.

2. ———: ———. Evidence examined, and *held,* that the value of the property mortgaged is not so greatly in excess of the debt secured as to raise a presumption that the mortgage is fraudulent as to creditors.

3. **Replevin:** WRONGFUL ATTACHMENT. Where L. is entitled to the possession of property by virtue of a chattel mortgage executed by D., a sheriff, who seizes and takes it into his possession under an order of attachment subsequently issued against D., is a wrong-doer as against L., and it is not necessary for the latter to demand the property before he recovers it in an action of replevin.

4. ———: DAMAGES: PLEADING. In replevin, where special damages are claimed they must be specially alleged.

5. ——: ——: ——: RULE APPLIED. In an action to recover a stock of lumber the allegation of damage was that "The. defendant wrongfully detains said property and has so wrongfully detained it from plaintiff for seventeen days, to plaintiff's damage." *Held*, That the plaintiff could not recover for injury to the lumber.

ERROR to the district court for Sarpy county. Tried below before DOANE, J.

*Martin Langdon*, for plaintiff in error, cited: *Temple v. Smith*, 13 Neb., 514; *Jones v. Hetherington*, 45 Ia., 681; *Savage v. Hazard*, 11 Neb., 328; *Dorrington v. Minnick*, 15 Id., 404; *Lane v. Starkey*, Id., 289; Herrmann, Chat. Mort., 229, 236; *Brunswick v. McClay*, 7 Neb., 138; *Anderson v. Peterson*, 25 N. W. Rep. [Wis.], 541; *Freeman v. Rawson*, 5 O. St., 1; *Harman v. Abbey*, 7 Id., 218; *Tollen v. Ellison*, 3 Neb., 75.

*James P. Grove*, *contra*, cited: *Hedman v. Anderson*, 6 Neb., 400; *Chicago Lumber Co. v. Fisher*, 18 Id., 337; *Aultman v. Steinan*, 8 Id., 114.

POST, J.

This was an action of replevin in the district court of Sarpy county. On a trial by the court without a jury there was a finding and judgment for the plaintiffs below, which plaintiff in error seeks to reverse by petition in error to this court. The subject of the contention is a stock of lumber lately owned by Peter N. Deerson in Gretna in said county. Plaintiffs below, defendants in error, claimed by virtue of a chattel mortgage executed by said Deerson, and the defendant below, plaintiff in error, claimed the property through an order of attachment issued by the clerk of the district court of Sarpy county in an action in which the Howell Lumber Company was plaintiff and said Deerson was defendant. The said defendant, as sheriff

of said county, had taken the lumber in question by virtue of said order of attachment and removed it from the premises of Deerson and had it in his possession at the time the action was commenced.    There is but little controversy with reference to the facts of the case.    Prior to the execution of the mortgage to defendants in error they had become surety for Deerson to the amount of $1,300.    About the 18th day of December 1888, Deerson applied to them for a loan of $1,200.    They agreed to advance him the amount named on condition that he would secure them for the money so advanced and also for the amount for which they had become liable as surety for him as aforesaid. Deerson agreed to this proposition, and accordingly executed two notes in favor of defendants in error for $1,500 and $1,000 respectively.    To secure said notes he executed a chattel mortgage on the property in controversy and also on a stock of furniture then owned by him, also a real estate mortgage on certain town lots worth from $1,600 to $2,000.

It is contended that the chattel mortgage is void for the reason that the mortgaged property was left in the possession of the mortgagor, with power to sell and dispose of it. It is true the property was left in the possession of Deerson, the mortgagor, but the parties thereto all testify, and they are not contradicted, that there was no authority given Deerson to sell any of the property.    It appears that the office of the lumber yard was kept open, but there was no evidence of any sales of lumber.    It is shown also that the elevator business in which Deerson was interested was transacted in the office at the lumber yard, which, in part, accounts for the latter being kept open.    The evidence shows also that the man who had, up to the time of the execution of the mortgage, been in charge of the furniture business, remained in charge thereof and made sales of furniture amounting to $20.17, which are the only sales proved.    That there was ample consideration for the mort-

gage is apparent from the proofs. There is no evidence in
the record from which an inference can be drawn, that
Deerson in the execution of the mortgage intended to de-
fraud his creditors. Whatever may have been his inten-
tions toward his creditors, it is clear that the defendants in
error did not participate in, or know of, any fraud, but,
on the contrary, acted in good faith throughout the trans-
action. The fact that Deerson was left in possession of the
mortgaged property, without authority to sell, does not
raise a conclusive presumption of fraud, although a small
fraction of the property was in fact sold by him or his
servants. (*Hedman v. Anderson*, 6 Neb., 392; *Chicago
Lumber Co. v. Fisher*, 18 Id., 334.)

It is next contended that the mortgage is void for the
reason that the security exacted by defendants in error in-
cluded all of Deerson's property, and is greatly in excess of
the latter's indebtedness to them. From the evidence it ap-
pears that the property covered by the chattel mortgage has
all been sold and the proceeds applied on the debt, leaving
a balance of nearly $1,000 to be made out of the real es-
tate worth not to exceed $2,000. The value of the security
cannot be said to be disproportionate to amount of the debt.

In *Hershiser v. Higman*, 31 Neb., 531, it is said, " Con-
siderable margin should be allowed for costs and ex-
penses. Besides, property like that in controversy (a stock
of goods) seldom if ever brings at forced sale its full value."
The mortgage in this case was recorded, and the presump-
tion of fraud as to creditors, which arises from the fact
that there was no change of possession, is overcome by
proof of good faith which is undisputed. Was a demand
for the property necessary before suit? We think not.

Defendant below in his answer, after admitting that he
had taken the property by virtue of the order of attach-
ment against Deerson, alleges that the mortgage in ques-
tion is fraudulent and void against him as the representa-
tive of his (Deerson's) creditors. The answer concludes as

follows : "Defendant says he is entitled to a return of said property.   *   *   *    Wherefore he prays that if said property cannot be returned he may have judgment against plaintiffs for the sum of $500 and costs of suit."

It has been repeatedly held by this court that where one is rightfully in possession of property he will not be liable for costs unless demand is made upon him before suit. (*Aultman v. Steinan,* 8 Neb., 109; *Peters v. Parsons,* 18 Id., 191.) In this case the plaintiff in error did not come into possession of the property rightfully, but by his own wrongful act. He further, by his answer, asserts title thereto as against the defendants in error. A demand was, therefore, as unnecessary as it would have been unavailing.

Finally it is urged that the damage assessed, $100, is excessive. It is evident that the allegation of damage in the petition was not called to the attention of the trial court. The only allegation on that subject is the following: "The defendant wrongfully detains said goods and chattels from the possession of the plaintiff, and has so wrongfully detained the same for seventeen days, to plaintiff's damage in the sum of $200." The only damage proved was injury to the lumber. It is evident from the record that the $100 assessed as damage was on that account and not for its wrongful detention. The rule is that if special damages are claimed they must be specially pleaded. (Maxwell, Pl. & Pr., 487; Cobbey, Replevin, 603.) The damage for injury to the lumber should not have been allowed. The judgment of the district court should be reversed, and a new trial allowed unless defendants in error within forty days hereafter shall remit all but nominal damage, and give notice thereof to the clerk of this court in writing. In case the excessive damage is remitted as aforesaid, the judgment of the district court will be

AFFIRMED.

THE other judges concur.