E. J. ROSECRANS, SHERIFF, v. MARGARET I. ASAY.

FILED OCTOBER 22, 1896.   No. 6793.

1. **Replevin:** DAMAGES: PLEADING. In replevin special damages must be pleaded by the plaintiff or they cannot be recovered.

2. ——: ——: ——. *Held,* That the petition is sufficient, after judgment, to sustain the findings.

3. ——: ——. Damages *held* not excessive.

4. **Review:** AFFIDAVITS: BILL OF EXCEPTIONS. Affidavits used at a hearing of a motion for a new trial cannot be considered in the supreme court in error proceedings unless made a part of the record by a bill of exceptions.

ERROR from the district court of Sheridan county. Tried below before BARTOW, J.

*C. Patterson, W. W. Wood,* and *Stewart & Munger,* for plaintiff in error.

*Thomas L. Redlon, contra.*

NORVAL, J.

This is an action to recover the possession of certain personal property. The petition contains the usual allegations in replevin, and prays damages for the unlawful detention and for the loss and injury to the property. The answer consists of a general denial. There was a trial to the court, with findings and judgment for the plaintiff, her damages being assessed at $500. Upon a motion for a new trial a remittitur for $250 was required to be, and was, filed by plaintiff as a condition of sustain-

ing the judgment, for a like sum. The defendant prosecutes error.

Three grounds are relied upon for a reversal of the judgment: 1. The findings are contrary to the evidence. 2. The damages are excessive. 3. There was error in not granting a new trial because of newly discovered evidence.

Margaret I. Asay, the plaintiff below, was the owner of a quantity of personal property, consisting of seven or eight wagon loads of household goods, furniture, pictures, books, bric-a-brac, etc. In April, 1891, she caused the same to be carefully and securely packed in strong wooden boxes at Pine Ridge Agency, and transported thence by teams to Gordon for shipment to Illinois. While at Gordon the goods were attached as the property of J. F. Asay by the defendant as sheriff. The next day plaintiff recovered possession by a writ of replevin, and on the same day the defendant seized the goods under other attachments, issued against said J. F. Asay. Nine days later plaintiff instituted this action, obtaining possession, it is claimed, of only a portion of the property attached, and that in a badly damaged condition. Whatever goods were taken under the second replevin writ were shipped by rail from Gordon, this state, to Oregon, Illinois, where plaintiff received them. When they reached the said place a considerable part was missing, and numerous articles were injured. But it is insisted that there is no testimony to show that the loss and injury occurred while the goods were in defendant's possession, but that the same may have happened while being transported on the cars, or by wagon from Pine Ridge Agency to Gordon. The evidence shows that the goods were packed with unusual care, under the personal supervision of the plaintiff, the boxes were bound with wire, and that it was impossible that any part could have been abstracted or injured while en route to Gordon, since none of the boxes were missing or had been opened. After the attachments were levied, and while the goods were in

37

defendant's possession, the boxes were broken open and contents removed, and a portion put back therein in a haphazard manner. When plaintiff obtained possession by virtue of the writ of replevin it was found that many of the articles were broken and damaged, and others missing. Those recovered were reboxed and placed on the cars, Jules Ecofey accompanying them to Oregon, Illinois. He testified that the boxes had not been opened or injured from the time they were shipped from Gordon until they reached plaintiff's home, near Oregon. The defendant admitted when upon the witness stand that he opened all the boxes but one or two, and invoiced the goods. The testimony is ample to show that the loss and injury occurred while the goods were in defendant's custody. This was sufficient. It was not necessary to show that the sheriff personally abstracted, or made way with, or injured the goods. If they were stolen or damaged while under his control, he is responsible to plaintiff therefor.

There is no finding, although the evidence would have justified one, assessing damages for the value of the property lost, stolen, or wholly destroyed. The court merely assessed damages for unlawful detention. Therefore, in determining whether the damages allowed are excessive, we must leave out of consideration the articles that were lost or destroyed. It is insisted that under the pleadings no recovery can be had for injury to the goods, because special damages are not pleaded by the plaintiff. In replevin, special damages resulting in injury to property while in defendant's possession must be specially averred. (*Whitney v. Levon*, 34 Neb., 443.) The amended petition alleges "that during the time the said goods were in the possession and under the control of the defendant, the articles of said goods described in Exhibit C, which is hereto attached and made a part of this petition, were damaged and destroyed without the consent of plaintiff, as stated in said exhibit, to the amount set opposite each article in said exhibit, and, in the aggregate, to the amount of $1,840, to plaintiff's damages in the sum of

$1,840." The exhibit referred to is attached to the plead-ing. The above averment, after judgment, is sufficient to sustain a finding for damages resulting from injury to the property. An examination of the testimony shows that the depreciation in the value of the property from breakage alone exceeds the sum of $250, the amount of the judgment, after the filing of the remittitur; hence a reversal cannot be had on the ground that the damages are excessive.

Attached to the motion for a new trial are several affi-davits relating to evidence discovered since the trial, but these affidavits are of no avail here, since they are not embodied in the bill of exceptions. (*Credit Foncier of America v. Rogers*, 8 Neb., 34; *Walker v. Lutz*, 14 Neb., 274; *Tessier v. Crowley*, 16 Neb., 372; *Vallindingham v. Scott*, 30 Neb., 187.) The judgment is

AFFIRMED.