D. B. ARMAGOST, SHERIFF, v. SAMUEL W. RISING.

FILED MAY 4, 1898. No. 7916.

1. **Fraudulent Conveyances: EVIDENCE.** In the trial of an action in which the *bona fides* of a transfer of property is assailed by the creditors of the transferor, his statements in relation to the transaction made subsequent to it may be received in evidence on the issue of his intent which accompanied and moved the transfer, also to show the significance or reason of his retention of possession of the property after the conveyance.

2. ——: ——: CROSS-EXAMINATION. In the cross-examination of witnesses who were parties to an alleged fraudulent transfer of property, during a trial in which the character of such transaction is of the issues, a great latitude will generally be allowed. (*Altschuler v. Coburn*, 38 Neb. 881.)

3. ——: ——: ——: Limitations of a cross-examination of the nature of the one above indicated, if calculated to prejudice the rights of the party complainant, may furnish grounds for the reversal of an adverse judgment unless it appears that no prejudice resulted therefrom.

4. **Replevin**: DAMAGES: PLEADING. For the plaintiff to recover special damages in an action of replevin there must be special pleas thereof.

ERROR from the district court of Butler county. Tried below before WHEELER, J. *Reversed.*

*Steele Bros., W. S. McCoy, L. S. Hastings,* and *T. W. Day,* for plaintiff in error.

*Arthur J. Evans* and *Sheesley & Aldrich, contra.*

HARRISON, C. J.

It appears herein that D. W. Rising, on a date during the month of December, 1888, purchased a stock of general merchandise and business of location in Rising City, this state. Subsequent to the purchase—probably within or near thirty days thereafter—his father, S. W. Rising, defendant in error, became at least a nominal partner in the business venture and so continued, as the business ran its course, until on or about January 10, 1893, when, it is asserted, S. W. Rising severed his connection with the business and D. W. Rising became again the sole proprietor thereof. On July 27, 1893, the stock of merchandise and the accounts of various parties due D. W. Rising for purchases of goods were by bill of sale conveyed to S. W. Rising; the consideration, it is asserted, was composed of sums then each existent as an indebtedness of D. W. Rising to his father. D. W. Rising, his wife, and son remained in the store and conducted the business after the transfer as they had prior

thereto. It was of the evidence that they so remained pursuant to an employment by the father. Within a few days subsequent to the execution and delivery of the bill of sale, possession of the stock of goods was taken by the officers of the law by virtue of levies of execution and writs of attachment issued at the instance of various creditors of D. W. Rising, of whom there seems to have been quite a number. On November 27, 1893, this, an action of replevin, was instituted in the district court of Butler county for S. W. Rising, and in which he asserted ownership and right to possession of the stock of goods and obtained possession thereof under the writ. In a trial of the issues he was successful, and for the officer error proceedings have been prosecuted to this court.

The first assignment of error to which our attention is directed in the argument is in relation to the actions of the trial court, by which there were sustained objections to designated questions put to D. W. Rising during his cross-examination. A consideration of the matters presented by this assignment convinces us that the interrogatories were open to the objections interposed, and the trial court's actions in regard thereto entirely proper. In accordance with such conclusion the assignment must be overruled.

The second branch of the argument in the brief of counsel for plaintiff in error is also of complaint that objections were sustained to certain interrogatories propounded to D. W. Rising during his cross-examination. What occurred during the portions of the trial to which direct reference is here involved, the pertinency of the objections, and the force of the argument will, to some, at least, if not to a very considerable, extent, be gathered from a perusal of the following excerpts from the bill of exceptions:

"Q. I will ask you, Mr. Rising, if, on the 6th day of August, 1893, you did not have a conversation with T. W. Day on the porch of the hotel at Rising, Nebraska,

nobody being present except you and Day, in which conversation you asked Day if he thought the bill of sale you had given to your father would stick, and also whether Day thought, or asked Day whether he thought, it would have been better for you if you had not filed the bill of sale, but let your father take the stock of goods on the chattel mortgage, and didn't you further state in that conversation, or rather ask said Day, if he thought the bill of sale would stick if you really owed your father the amount stated in the bill of sale, and that you gave the bill of sale to protect yourself and your father?    Didn't you so state at the time and place above mentioned?

"Objected to; immaterial, irrelevant and not proper cross-examination.  Sustained.  Defendant excepts."

"1160 Q. I will ask if, on or about the 9th day of October, at Jacob Way's father's, and not anybody there except you and Yordee, if you did not have a conversation with John C. Yordee in which you demanded payment of an account for $18.60, which Yordee owed for goods sold by you to him, before you sold out to your father, and if at that time and place you did not tell Yordee that you had to have the money due you, as you needed the money, and that if he could not pay the money, then that you should get his promissory note due one day after date, you saying to him that your attorney had advised you to take notes from all persons owing you and who could not pay the money, and to make the notes payable one day after date, so as to balance the books, and then if your creditors should demand the books you could give them up and the books would be balanced, and you would have the notes, and would be that much ahead any way?    Did you or did you not make any statement like that in substance to Yordee at such time and place?

"Objected to; incompetent, immaterial, not proper cross-examination, and not within the issues.  Sustained.  Defendant excepts."

We will state here that immediately after possession of the property was obtained by S. W. Rising by virtue of the writ, seizure thereof, and execution and delivery to the officer of the undertaking in replevin herein, D. W. Rising, his wife, and son went into the store and took possession of the stock of goods, etc., and managed and conducted the business. This, it was testified by them and S. W. Rising, was for him and as his employés. The transfer from D. W. Rising, the son, to S. W. Rising, the father, was attacked by the creditors through and in the defense interposed for the plaintiff in error, the sheriff, who may be styled as their representative herein, as fraudulent and void as to creditors of D. W. Rising, as the main or dominant element or act of a combination or concerted arrangement between the father and son with intent to hinder, delay, and defraud the creditors of their just dues and demands. "A wide latitude will be generally allowed in the cross-examination of witnesses where the issue is fraud, especially of witnesses who are parties to the alleged fraudulent transaction." (*Altschuler v. Coburn*, 38 Neb. 881.) "It is customary to allow great latitude in the cross-examination of witnesses who are charged with being parties to a fraudulent transaction which is the subject of investigation, since it is manifest that such witnesses are interested in concealing every fact which will tend to expose the fraudulent character of their dealings." (8 Ency. Pl. & Pr. 111.)

The testimony sought to be elicited was material and relevant, since it would have borne directly on the issue of fraud in the transfer of the property, at least to the extent any interest of the witness D. W. Rising was elemental thereof. It was also applicable to the subject of the character and significance of the possession of the goods by the witness D. W. Rising at all times after the transfer, except when they were in the custody of the law or its officer. That in a litigation of issues of the nature involved in the present suit and with similar

attendant concurrent facts and circumstances such testimony has been adjudged competent, material, and relevant, see *Sloan v. Coburn*, 26 Neb. 607; *McDonald v. Bowman*, 40 Neb. 269; *Murch v. Swenson*, 42 N. W. Rep. [Minn.] 290; *White v. Woodruff*, 25 Neb. 797; *Hamburg v. Wood*, 18 S. W. Rep. [Tex.] 623; *Benjamin v. McElwaine-Richards Co.*, 37 N. E. Rep. [Ind.] 362; Wait, Fraudulent Conveyances 279. The questions were proper in cross-examination of one of the parties to the transfer which was attacked as fraudulent. (*Altschuler v. Coburn*, 38 Neb. 881.) As the questions were of matters of testimony competent, material, and relevant under and to the issues on trial, they were proper in laying the foundation for impeachment of the witness, if for no other purpose. It is true, as is stated in the objection to interrogatory No. 1160, that the matter of the book accounts, or their transfer, was not within or of the issues herein or not directly so, but their transfer was effected or evidenced by the bill of sale or the same instrument as the stock of goods, and, under the same facts and circumstances and statements relative to their sale, bore directly on the question of the intent in the transfer considered as a whole or relative to any portion or item thereof; hence such statements were competent, material, and relevant to the issues. After a careful review of the entire record, we cannot say that the limitations of the cross-examination were not prejudicial to the rights of the plaintiff in error and to an extent or degree which calls for a reversal of the judgment.

The allegation in the petition herein in relation to damages was the general one of detention of the property to the plaintiff's damage. There was no plea of special damages. Testimony was received of, and the court charged the jury that they might consider and allow, if proven, damages for injury to the goods while in the possession and care of the officer under the levies of the writs of attachment, also damages caused by the interruption of the plaintiff's business. These were special

damages and not recoverable unless specially pleaded; hence it was error to allow their consideration (*Whitney v. Levon,* 34 Neb. 443), but it would probably but call for an order for the remittitur of such sum as may have been accorded to the defendant in error by the jury, for either or both. Such order is not necessary, as the judgment must for other sufficient reasons be reversed.

We do not deem it essential at this time to notice the other assignments of error, and certainly deem it best not to discuss or comment upon the question of the sufficiency of the evidence to sustain the verdict, since the cause must be remanded for another trial.

REVERSED AND REMANDED.