THE STATE OF NEBRASKA, PLAINTIFF IN ERROR, V. ANTON PISCHEL, DEFENDANT IN ERROR.

Liquors: INDICTMENT. Under the provisions of section eleven of the license law of this state each act of selling any of the liquors named in the section is an offense, punishable by indictment. An indictment which charges the selling and giving away of all the liquors named in the sections with a continuendo, *Held*, Bad.

BILL of exceptions filed by the district attorney to obtain a review of a decision of CRAWFORD, J., sitting in the district court of Knox county.

*Wilbur F. Bryant*, for the State.

*Fred J. Fox*, for defendant in error.

REESE, J.

An indictment was found against the defendant in error by the grand jury at the April term, 1883, of the district court of Knox county. The body of the indictment is as follows:

"That Anton Pischel, late of the county aforesaid, on the 22d day of October, in the year of our Lord one thousand eight hundred and eighty-two, in the county of Knox, and state of Nebraska aforesaid, and on all the several days between the said twenty-second day of October in the year aforesaid and the first day of April, in the year of our Lord one thousand eight hundred and eighty-three, in the county of Knox, and state of Nebraska aforesaid, did unlawfully and knowingly sell and give away malt, spirituous, and vinous liquors, and intoxicating drinks, without first having obtained a license and given a bond to the state of Nebraska as required by law."

The defendant filed a motion to quash the indictment, assigning various reasons therefor, but one of which will

be here noticed. That is, " that the indictment is not direct and certain as regards the particular circumstances of the offense charged, and being uncertain as to time." The motion was sustained, and the district attorney, upon exception, brings the case to this court under the provisions of section 515 *et seq.*, of the criminal code, for review.

Section 11 of chapter 50 of the Compiled Statutes, is as follows: "All persons who shall sell or give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drinks, without having first complied with the provisions of this act, and obtained a license as herein set forth, shall for each offense be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than one hundred dollars nor more than five hundred dollars, or be imprisoned not to exceed one month in the county jail," etc. From the reading of this section it is quite plain, and so stated in direct and positive language, that *each offense*, that is, each violation of the law, each act of selling without a license, shall subject the seller to the punishment provided for in the section. By the rules of criminal pleading it is apparent that the crime or act must be described with sufficient particularity to place the defendant upon trial for *that act*, and so that after judgment of acquittal or conviction he could plead such judgment in bar of another prosecution for the same offense.

It is urged by the state's counsel that this indictment falls within this rule, and that all that part of the indictment which charges the commission of an offense after the 22d day of October, 1882, should be treated as surplusage and the indictment held as charging but one offense committed on that day. We do not so view it. It charges the act as continuing through all the time named in the indictment, and that he sold *and* gave away malt, spirituous, *and* vinous liquors, *and* intoxicating drinks. This is too indefinite even if the position contended for was correct. The act of selling any one of the kinds of liquors named

in the law, as well as the act of giving away any of them under a pretext, is a crime. The indictment charges the whole. The ruling of the court sustaining the motion to quash was correct.

JUDGMENT AFFIRMED.