Smith v. State.

MOSES SMITH ET AL. V. STATE OF NEBRASKA.

[FILED MAY 6, 1891.]

Liquors: INFORMATION: DUPLICITY.   Under the provisions of
    section 11 of chapter 50 of the Compiled Statutes, each act of
    selling any of the liquors named in the section, as well as the
    act of giving away any of them without a license so to do, is a
    crime.   An information which charges in the same count the
    selling and giving away of two or more of the liquors named
    in the section, is defective, and is liable to a motion to quash.
    (*State v. Pischel*, 16 Neb., 490.)

ERROR to the district court for Lancaster county.   Tried
below before FIELD, J.

*P. O. Cassidy*, and *E. M. Wolfe*, for plaintiffs in error,
cited: *State v. Pischel*, 16 Neb., 490; *Miller v. State*, 5 How.
[U.S.], 250; *People v. Hanrahan*, 42 N. W. Rep. [Mich.],
1127; *Elliot v. State*, 26 Ala., 78.

*William Leese, Attorney General*, contra.

NORVAL, J.

On the 6th day of May, 1889, the county attorney filed
in the district court of Lancaster county an information
charging "that Moses Smith and W. Keefe, late of the
county aforesaid, on the 1st day of February, A. D. 1889,
in the county of Lancaster and the state of Nebraska
aforesaid, did unlawfully sell, give away, and vend spirit-
uous, vinous, and intoxicating liquors to Orin Snyder,
Frank Martin, and P. H. Cooper, and to other persons to
the county attorney unknown, without having first com-
plied with the provisions of the Compiled Statutes of the
state of Nebraska, and without having first taken out a
license to sell, give away, and vend spirituous, vinous, and

intoxicating liquors, the said above sales of spirituous, vinous, and intoxicating liquors by said Moses Smith and W. Keefe, as aforesaid, being without authority and contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Nebraska."

The defendants moved the court to quash the information, for the following reasons:

1. The information is not direct and certain as regards the particular circumstances of the offense charged.

2. The offense charged is too uncertain and indefinite to plead thereto.

3. There is a misjoinder of parties defendants.

4. The offense charged is not indictable or triable upon information in the district court.

5. The information does not show that the defendants had a preliminary examination, or waived their right thereto, before a magistrate or officer, or that they were fugitives from justice.

6. The information does not set out the names of all the persons to whom the liquor is alleged to have been sold.

7. The information charges more than one offense.

The motion was overruled, and the defendants excepted. The defendants were convicted and each adjudged to pay a fine of $100.

The motion to quash the information should have been sustained. The information is too indefinite and uncertain. It contains but one count, and charges that the defendant sold and gave away spirituous, vinous, and intoxicating liquors. It was held in *State v. Pischel*, 16 Neb., 490, that the act of selling any of the liquors named in section 11 of chapter 50 of the Compiled Statutes, as well as the act of giving away any of them without a license so to do, is a crime. We adhere to the rule therein announced. This case is not distinguishable from *State v. Pischel*.

As the judgment must be reversed for the error pointed out, it will not be necessary to notice the other assignments of errors.

The judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.