State v. Freiburghouse.

---

STATE OF NEBRASKA V. FRANK T. FREIBURGHOUSE.

FILED NOVEMBER 12, 1913.   No. 18,052.

Intoxicating Liquors: INDICTMENT: DUPLICITY. Under the provisions of section 8, ch. 50, Comp. St. 1911, each act of selling any of the liquors named in the section, as well as the act of giving away any of them to a minor, is a crime. An indictment which charges in the same count the selling and giving to a minor any of the liquors named in the section is defective, and it is not error to sustain a motion to quash the indictment for duplicity. State v. Pischel, 16 Neb. 490; Smith v. State, 32 Neb. 105.

ERROR to the district court for Sheridan county: WILLIAM H. WESTOVER, JUDGE. *Exceptions overruled.*

*Alden C. Plantz* and *M. F. Harrington,* for plaintiff in error.

*Roscoe L. Wilhite* and *Fisher & Rooney, contra.*

BARNES, J.

It appears that at the April, 1913, term of the district court for Sheridan county there was returned by the grand jury an indictment containing ten counts each, charging that one Frank T. Freiburghouse, at the dates and times therein specified, did unlawfully sell and give to certain minors, named therein, spirituous and intoxicating liquors, the defendant then and there being a person licensed to sell such liquors within the village of Rushville, in Sheridan county, Nebraska. To this indictment a motion to quash the several counts contained therein because the same were "duplicitous," among other things, was sustained. The county attorney excepted, and has brought his exceptions to this court.

In *State v. Pischel,* 16 Neb. 490, it was said: "Under the provisions of section eleven of the license law of this state, each act of selling any of the liquors named in the section is an offense, punishable by indictment. An indictment which charges the selling and giving away of all the liquors named in the sections with a continuando, *held* bad."

The question was again before the court in *Smith v. State,* 32 Neb. 105. In that case Judge NORVAL wrote the opinion, and it was there held: "Under the provisions of section 11 of chapter 50 of the Compiled Statutes, each act of selling any of the liquors named in the section, as well as the act of giving away any of them without a license so to do, is a crime. An information which charges in the same count the selling and giving away of two or more of the liquors named in the section is defective, and

is liable to a motion to quash"—citing *State v. Pischel,* 16 Neb. 490. That decision contains our last expression on the question presented by the exception.

It is contended by the county attorney that in *Johnson v. State,* 88 Neb. 328, a different rule was established. We do not so understand that case. There the defendant was indicted for a violation of section 6 of the criminal code, and it was there said: "An indictment under section 6 of the criminal code should not charge in the same count that the defendant used and employed, and advised to be used and employed, instruments to procure an abortion, but such an indictment is not demurrable for duplicity, since the allegation that defendant advised such instruments to be used and employed does not state an offense without alleging that some person other than the defendant committed the act; it is immaterial that the defendant advised the act which he committed himself, and such allegation should be rejected as surplusage."

Again, it is clearly provided by section 8, ch. 50, Comp. St. 1911, that to sell intoxicating liquors to a minor is an offense, and it is equally clear that it is made an offense to give such liquor to a minor. Therefore an indictment which charges both the selling and giving of such liquors to a minor in the same count is "duplicitous," and the charge is also uncertain in its effect.

Many cases from other jurisdictions are cited in support of the exception, and we think it may be conceded that if the question were now before this court for the first time the indictment might not be held to be "duplicitous;" but we decline to overrule *State v. Pischel,* and *Smith v. State, supra,* and thus sustain the exception. The practice seems to have been well settled and thoroughly understood by the district courts of this state, and it would hardly be fair to the trial court to establish a new rule at this time. Therefore, in view of the situation, the exceptions are not sustained.

EXCEPTIONS OVERRULED.

LETTON, FAWCETT and HAMER, JJ., not sitting.