### COMMONWEALTH *vs.* JOHN H. MOORHOUSE.

A count charging the defendant with being a common seller of intoxicating liquors may be included in the same indictment with counts charging distinct sales to particular persons.

THE defendant, having been tried and convicted in the court of common pleas, on an indictment containing one count charging him with being a common seller of intoxicating liquors, and three other counts charging distinct sales by him to particular persons, moved in arrest of judgment, because of the joinder in the same indictment of a count against him as a common seller, with counts for single specific sales.   But *Bishop*, J. overruled the motion; and the defendant alleged exceptions.

*C. Allen*, ( *G. T. Davis* was with him,) for the defendant.
*J. H. Clifford*, (Attorney General,) for the Commonwealth.

DEWEY, J.   It is no ground for arresting judgment, that the indictment contained, in addition to the count charging the defendant with being a common seller, sundry other separate counts charging distinct sales to particular persons.   Such counts may be joined, and whether they shall be tried separately, or together, is a matter within the discretion of the presiding judge.   If tried together, as they usually would be, the evidence, when introduced, as it might be found to sustain either the general charge or the charge of a distinct sale, would be applied to the proper count, and a verdict taken on that only.   The case might furnish no sufficient evidence of three sales, and so not authorize a conviction on the count for being a common seller; and yet there might be evidence of a single sale, which would authorize a conviction on a count properly charging a single sale.

In *Carlton* v. *Commonwealth*, 5 Met. 532, it was held by this court, that when the offences are of the same general nature, and when the mode of trial and nature of the punishment are the same, they may properly be joined in the same indictment. The books on criminal pleading justify great latitude in the joinder of offences, leaving the matter rather to the discretion of the presiding judge to require a separation at the trial, than making it the ground of a motion in arrest of judgment. 1 Chit. Crim. Law, 253.   2 Hale P. C. 173.

*Motion in arrest overruled.*