## COMMONWEALTH *vs.* CHARLES GILLON.

Under *St.* 1861, *c.* 181, two counts charging single sales of intoxicating liquor may be joined in the same indictment with a count charging the defendant as a common seller for a period of time embracing that alleged in the counts for single sales, without an averment that the different counts are different descriptions of the same act; and, in relation to this question, a statement by the district attorney at the trial, after the evidence is in, that he shall rely on all the evidence in the case, so far as the jury may deem it applicable, to sustain the several counts, is immaterial.

If a sale by an alleged agent is relied upon to sustain an indictment charging the defendant with sales of intoxicating liquors, and there is evidence tending to establish the agency, which is submitted to the jury under proper instructions as to the rule of law, the question of the sufficiency of the evidence cannot be raised on a bill of exceptions.

INDICTMENT. The first count charged the defendant in the usual form as a common seller of intoxicating liquors, from the 1st of January 1861 to the day of finding the indictment, which was in May following. The second and third counts charged single sales on the 1st of April 1861.

At the trial in the superior court, there was evidence tending to show that the defendant kept a store in the basement of his dwelling house, occupied by himself and his family, in Milford, and frequently sold articles there ; and that on one occasion in his absence, his son, about twenty years of age, sold two jugs of rum there for fifty cents to the person named in the second count. After all the evidence was in, the district attorney stated that he did not ask a conviction on the third count, but should rely on all the evidence in the case, so far as the jury might deem it applicable, to sustain the other counts. The defendant thereupon requested the court to instruct the jury that, upon this statement of the district attorney, inasmuch as it appeared — as he claimed — that two or more counts depended, in whole

or in part, on the same facts or transaction, and there was no averment that the different counts were different descriptions of the same act, according to the provision in *St.* 1861, *c.* 181, he was entitled to an acquittal; but *Rockwell*, J. declined so to rule.

The defendant then requested the court to instruct the jury that there was no evidence to go to the jury of his knowledge or assent to the sale made by his son; but the judge declined so to do, and left it ·to them as a matter of fact, to determine whether the sale was made with the defendant's knowledge and assent.

The jury returned a verdict of guilty on the second count, and the defendant alleged exceptions.

*H. B. Staples*, for the defendant.

*Foster*, A. G., for the Commonwealth.

MERRICK, J. The first instruction asked for by the defendant was very properly withheld by the court. It certainly does not appear from the allegations in the indictment that two or more of the counts contained in it depend, either in whole or in part, upon the same facts or transactions. On the other hand it is quite clear that evidence which would be sufficient to sustain either of the last two counts would not be sufficient to sustain the other, and proof of both would not establish the allegations in the first. And there is nothing upon the face of the indictment to show that, in making the charge against the defendant set forth in the first count, the grand jury took into consideration at all the evidence upon which they made their presentment against the defendant for the single sales described in the other counts. It was wholly immaterial in relation to this question that the district attorney had stated that he relied upon the evidence, so far as the jury should consider it applicable, to sustain either of the first two counts.

In relation to the second instruction asked for, it is apparent that the evidence produced in behalf of the government to show that the defendant's authorized agent made the sale concerning which testimony was offered, was admissible and competent for that purpose. This is not contested by the defendant, and he

admits also that the court prescribed the true legal rule in reference to the proof which the government were required to make in respect to the agency. This being so, the question whether the evidence, which was circumstantial, and from which inferences were to be deduced, was sufficient to show that the person by whom the sale was made was the agent, in that transaction, of the defendant, was one purely of fact, and not of law, and therefore was properly submitted to the jury. It is only when there is no controversy between the parties as to the facts upon which the decision of a cause depends, that the court can be required to pass upon them as a question of law. Here the fact of agency, which was material to the determination of the issue, was the very question in dispute. The evidence produced to prove it was therefore of necessity to be submitted to the jury. If the defendant thought it insufficient to warrant them in finding that fact, his proper course would have been to submit a motion, after the rendition of a verdict against him, to set it aside for that cause.

*Exceptions overruled.*