FRANK SIEBER, PLAINTIFF IN ERROR, V. WENZEL WEIDEN, DEFENDANT IN ERROR.

1. **Practice:** ORDER OF INTRODUCING TESTIMONY. Upon a trial the testimony should be introduced in the order in which the issues are presented by the pleadings.   Where the plaintiff, at the beginning of the trial, and before the defendant had produced any evidence, introduced testimony to sustain the allegations of his reply, and which should have been introduced only for the purpose of rebutting testimony offered to sustain the allegations of defendant's answer, it was *Held*, Not to be error for the trial court, upon motion, to order the testimony stricken out.

2. **Bill of Exceptions:** TESTIMONY. When testimony is offered and excluded, the bill of exceptions must set forth the testimony thus offered and rejected.   *McMillan v. Malloy*, 10 Neb., 228.

3. **Evidence,** *Held*, Not sufficient to show that a settlement and payment of money was obtained by duress.

ERROR to the district court for Fillmore county.   Tried below before MORRIS, J.

*Samuel J. Tuttle, C. H. Bane,* and *L. W. Billingsley,* for plaintiff in error.

*John P. Maule,* for defendant in error.

REESE, J.

The plaintiff in error instituted this action in the court below for the purpose of recovering back the sum of $500 alleged to have been obtained from him fraudulently, and by duress, by defendant in error. The trial in the district court resulted in a verdict and judgment in favor of the defendant in the action. Plaintiff prosecutes error in this court. The answer of defendant contains a general denial, and a further defense that the money was paid by plaintiff in error for and on account of damages sustained by defendant for the seduction of and criminal conversation with the wife of defendant. The reply alleges that the damages claimed for the alleged criminal conversation had been fully paid prior to the payment of the $500, which plaintiff claimed was paid by duress. The errors assigned by plaintiff will be noticed in their order.

*First.* The first testimony introduced by the plaintiff in error was a detail at considerable length of a series of conversations between himself and defendant which he claimed resulted in a settlement between them and the payment of $200 to defendant's wife. After this testimony was given, defendant moved to strike it out for the reason that it was not responsive to the pleadings in the case, and was irrelevant and immaterial. This motion was sustained, and the ruling of the court is assigned as error. It seems pretty clear to us that this action of the court was correct. The facts testified to by the plaintiff were the same as those set up in his reply. It would have been soon enough for him to have testified to the settlement and payment upon proof of the facts alleged in the defendant's answer, as the facts pleaded by the reply could have no other effect than that of explaining, rebutting, or avoiding those set up in the answer. The order of proceedings upon trial seems to be well defined by section 283 of the civil code, which is in accord with the view taken by the trial court.

*Second.* It is next insisted that the court erred in sustaining the objections of the defendant to certain questions propounded to the witnesses of plaintiff upon their examination-in-chief. It is sufficient to say of all the assignments of this character in this record that no statement or offer of any evidence or testimony was tendered to the court. As said in *McMillan v. Malloy,* 10 Neb., 235: "It is not sufficient to be available on error that the court sustains an objection to a question; the party must offer to prove certain facts, and if they are excluded embody the testimony thus offered in the bill of exceptions." See also *Stanton County v. Canfield,* Id., 388. *Fosbinder v. Svitak,* 16 Id., 502.

*Third.* Objection is made to the second instruction given to the jury by the court. It is as follows: "The rule in this class of cases is that where a payment of money is made upon an illegal or unjust demand, when the party is advised of all the facts, can only be considered involuntary when it is made to procure the release of the person or property of the party from detention, or when the other party is armed with apparent authority to seize upon either, and the payment is made to prevent it. But where the person making the payment can only be reached by a proceeding at law he is bound to make his defense in the first instance, and he cannot postpone the litigation by paying the demand in silence and afterwards suing to recover it back." This instruction is excepted to and is assigned for error. The criticism upon this instruction is, that in the former part of it the court seems "to eliminate this case from cases where money is obtained by duress, and in so doing misstates the law."

In *Mundy v. Whittemore,* 15 Neb., 647, Judge MAX-WELL, in writing the opinion, says: "The common law divided duress into two classes, viz., duress *per minas,* and duress of imprisonment. Duress *per minas* is restricted to fear of loss of life, or mayhem, or loss of limb; in other

words, remediless harm to the person. Duress by impris-onment is supported by any evidence that the party was unlawfully restrained of his liberty until he would execute the instrument" or other thing required.

In *King v. Williams*, 21 N. W. Rep., 502, the supreme court of Iowa, in a recent case, by Judge Seevers, who wrote the opinion, defined duress to be " an actual or threatened violence or restraint of a man's person contrary to law to compel him to enter into a contract or to discharge one." Again it is said that " duress by threat is where the threat excites a fear of some grievous wrong, as of death, great bodily injury, or unlawful imprisonment." Maxwell's Pleading and Practice (3d edition), 104. There is no claim that plaintiff in error was imprisoned. It then becomes necessary to enquire whether the testimony shows any duress by threats. If not, even though the instruction may have been defective, yet it would be without any prejudice to the rights of plaintiff.

From the testimony of plaintiff himself it is apparent that he had been guilty of the crime with which he was charged, and that unless the payment of the $200 to the wife of defendant was a full settlement of the injury he had inflicted, he was liable to a civil action by defendant. He was also liable to be prosecuted criminally, although there is no proof of any threats on the part of defendant to institute a criminal prosecution. It is further shown that defendant placed his claim for damages in the hands of an attorney for collection, and ordered suit brought. The attorney called upon plaintiff and had a conversation with him. The exact purport of this conversation is not very clear. Afterwards, by agreement, plaintiff went to the office of the attorney, where plaintiff and defendant and the attorney were together. The demand was reduced to $500, after plaintiff had said he could not raise the $1,000. The plaintiff testified that he told the attorney he did not have any money, and did not know how to raise it, and the

Sieber v. Weiden.

attorney said he would better settle it than to go to the penitentiary. The attorney left the office, plaintiff and defendant remaining. During the negotiations plaintiff and defendant, at the suggestion of defendant, went to a saloon together and took a drink. Defendant seeing that plaintiff was ill at ease, as plaintiff testified, "he seen it on me that it was not very right, and he said I should not be afraid about this, what they have got together, that he would make it easy, and I went with him to the saloon, and he treated me, and we went back to the attorney's office." The only suggestion of a criminal prosecution was the remark made by the attorney, if plaintiff testified truthfully. The attorney on the witness stand denied making the remark. From the whole case it is clear that plaintiff desired that his wife should not hear of his crime, or at least of an action being brought against him, and for that purpose and under a written pledge of secrecy from the defendant, he paid over the money. He was at perfect liberty to go and come as he might choose. He had ample time and opportunity to consult an attorney if he had so desired. This settlement was made at Geneva, the county seat. This was not duress, and the court would have been justified in so instructing the jury. *King v. Williams, supra.* This applies with equal force to the instructions asked by plaintiff and refused by the court, and no further reference need be made to them.

While the trial was not as satisfactory as perhaps it might have been, yet we can see nothing in the record which will warrant its reversal. The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.