Yeoman v. State.

JOHN YEOMAN, PLAINTIFF IN ERROR, v. THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

1.  **Incest:** INDICTMENT. Plaintiff in error was indicted alone for the crime of incest, under the provisions of section 203 of the criminal code. *Held*, That he was properly so indicted, and that it was not necessary that the indictment should be against both parties to the incestuous intercourse.

2.  ——: EVIDENCE: CORPUS DELICTI. Where in a prosecution for incest it was proven that the person with whom the incestuous intercourse was alleged to have been had was of the age of sixteen years; that she resided at home with her parents; that the accused also resided with the family; that they were often together alone; that she had no suitor and kept company with no other person; that the relation of uncle and niece existed between them; that she became pregnant, and when her pregnancy was discovered the accused confessed the paternity of the child which was afterwards born, admitted the intercourse, and settled the claims of the mother in satisfaction of proceedings in bastardy, and tried to induce a physician to procure an abortion, it was *Held*, That the *corpus delicti* had been sufficiently proved to require the submission of the case to the trial jury.

3. ———: TIME OF COMMISSION OF OFFENSE. On the trial of the case the court charged the jury that it was not necessary that the offense be proven to have been committed on the date alleged in the indictment, but that it would be sufficient if proven to have been committed within three years prior to the finding of the indictment. The instruction was *Held*, To be correct.

4. ———: EVIDENCE OF CO-FORNICATOR. On a trial of a defendant charged with incest with his neice, the woman was not examined as a witness by the state, but the defendant examined her as a witness in his behalf. On being asked if defendant had ever had sexual intercourse with her, she answered he had not. On the cross-examination counsel for the prosecution presented her with the affidavit which she had made, by which proceedings in bastardy had been instituted; and in answer to his question she stated that she had signed the affidavit. On re-examination she was asked if the signing of the affidavit was voluntary on her part. The question was objected to, and the objection sustained. *Held*, Error.

5. A large discretion is given the district court as to the order in which testimony may be introduced.

. ERROR to the district court for Hamilton county. Tried below before NORVAL, J.

*J. H. Smith*, for plaintiff in error.

*William Leese, Attorney General*, and *A. J. Rittenhouse*, for defendant in error.

REESE, J.

Plaintiff in error was indicted for a violation of section 203 of the criminal code. The charging part of the indictment was as follows:

"That the said John Yeoman, on the first day of July, 1883, in the county of Hamilton and state of Nebraska, being then and there an unmarried man, did then and there unlawfully, knowingly, and feloniously commit fornication with one Amanda Yeoman, by then and there having sexual intercourse with the said Amanda Yeoman, the said

Amanda Yeoman being then and there a niece of the said John Yeoman, as the said John Yeoman and the said Amanda Yeoman well knew."

The section of the criminal code above referred to is as follows:

" Persons within the degrees of consanguinity within which marriages are declared by the preceding section to be incestuous and void, who shall intermarry with each other, or who shall commit adultery or fornication with each other, or who shall lewdly and lasciviously cohabit with each other, shall be liable to indictment, and, upon conviction, be punished by imprisonment in the penitentiary not exceeding ten years."

The trial resulted in a conviction. Plaintiff brings error to this court.

The first question presented is, does this indictment charge an offence within the section above quoted? Stated otherwise, Is it competent for the state to charge and prosecute but one of the parties to the incestuous commerce? It is urged by plaintiff in error that the act must be the concurrent act and by the consent and agreement of both parties to it, and that both parties must be equally guilty, and therefore both must be indicted together.

It is true that both must be guilty. That the inter-marriage, cohabitation, adultery, or fornication must be by a union of minds as well as of actions. Yet we do not think it necessarily follows that both should be prosecuted jointly. In short, it seems that the rule is the other way. *Hintz v. The State*, 58 Wis., 496.

Upon the trial of the cause the father and mother of Amanda Yoeman were called as witnesses, who testified as to the relationship between the parties (plaintiff in error and Amanda), and that plaintiff in error resided at their house, practically as a member of the family; that Amanda was of the age of sixteen years, and unmarried; that plaintiff in error and Amanda were often together alone; that

she had no other escort, and no suitor; that she kept company with no other person, and that she had become a mother, giving birth to an illegitimate child.   The father also further testified that when he discovered the pregnant condition of his daughter he went to the stable where plaintiff in error was and said to him, "That girl is in a family way, and he says, 'Yes, Doc. Davis says so.'   Then he said he 'did not see how it could be,' and then he showed me a scabbard and said 'That is what they had to use,' and then directly he says 'shoot me.'"   He also testified that the bastardy proceeding was settled by the transfer of certain property by plaintiff in error.   Another witness, N. W. Titinan, testified that in June or July, 1883, plaintiff in error admitted to him that he had had sexual intercourse with Amanda Yoeman; that she was the third one for him, and that "if he only had to pay for one out of three he was getting along pretty well."

Dr. Davis testified that in the fall of 1883 plaintiff in error and Amanda Yoeman came to his office, and that plaintiff requested him to procure an abortion, which he refused to do.   This is substantially all the testimony introduced on the part of the state as to the body of the crime.   It is now insisted that the *corpus delicta* was not proven.   We think there was sufficient on that point to warrant the submission of the case to the jury.   According to the course of nature there must have been sexual intercourse to produce the pregnancy which was clearly established.   It was then competent to prove the defendant's guilt by his own voluntary admissions.   But it is contended that the admissions were not competent to prove the crime of incest.   The relationship—which gave the character of incest to the intercourse—was clearly shown by positive proof without reference to his confessions.

The court gave the jury the following instruction: "It is not necessary that the offense be proven to have been committed on the first day of July, 1883.   It is sufficient

if it be proven to have been committed within three years prior to May 8, 1885." This instruction was excepted to and is now assigned for error. The first date named refers to the time alleged in the indictment as the date of the commission of the offense, the second to the day after the presentation of the indictment. In the giving of this instruction there was no error. The indictment alleges a single offense. There was but one sought to be proved, hence there could be no election as to which act of fornication was the one upon which the district attorney must rely, as is claimed by plaintiff in error. It is true there was no specific act proven by the positive and direct testimony of a witness to the transaction, but very strong circumstances were shown which tended to prove the one act of intercourse. Whether any others occurred is merely conjecture.

The state did not introduce Amanda Yoeman as a witness. After its evidence had been produced plaintiff in error called her as a witness in his own behalf. We copy, from the abstract, her testimony, with the rulings of the court, in full:

Question (by attorney for plaintiff in error). I will ask you if you are acquainted with the defendant?

Answer. Yes, sir.

Q. I will ask you if you are the oldest daughter of Gilbert Yoeman?

A. I am.

Q. I will ask you to state whether or not you ever had sexual intercourse with the defendant?

A. No, sir.

There is nothing to show whether the right to cross-examine the witness was waived or suspended. At any rate there was none at that time. After the introduction of other witnesses the defense rested. The district attorney then recalled Amanda Yoeman "for the purpose of cross-examination." To this plaintiff in error at the time objected, but the objection was overruled, to which he ex-

cepted, and now assigns the ruling for error. We are not informed whether there was any showing made upon the part of the state or not, but for the purposes of this case we will assume there was not; and yet we do not think there was such an abuse of discretion, if any, on the part of the trial court as to call for a reversal of the judgment on that ground. A certain reasonable discretion is allowed to the trial court in the conduct of the trial before it, and so long as it is not clear that that discretion has been abused to the prejudice of the party complaining, the action of the trial court will be upheld. In the matter now under consideration we can detect neither abuse of discretion nor prejudice to plaintiff in error.

The district attorney then proceeded with the cross-examination of the witness, as follows:

Question. You may state whether or not this is your signature?

Answer. That is my name.

Q. Did you write it?

A. I think I did.

The state then offered in evidence an affidavit, sworn to by the witness, in which she deposed that she was pregnant with a bastard child and that plaintiff in error was its father. The affidavit was sworn to the 17th day of August, 1883; the complaint in the bastardy proceedings. To the introduction of the affidavit plaintiff objected, but the objection was, properly, we think, overruled. Plaintiff in error then re-examined the witness, as follows:

Question. Here is an affidavit in which it is charged that John Yoeman is the father of a certain child born to you. I will ask you if the signature and making of that affidavit was your voluntary act?

The prosecution objects as not cross-examination, incompetent, and immaterial. Sustained, and defendant excepts.

We are unable to say that 'in this ruling of the court there was no error. It is true the matter was somewhat

awkwardly presented—the re-examination following, instead of preceding the introduction of the affidavit—but, even in that case an answer to the question ought to have been permitted. The witness had testified that plaintiff in error had not committed the offense with which he was charged. She was then confronted with the affidavit which she had made, and which was directly contradictory of her testimony. The presumption was, that it was voluntarily and deliberately made. If so, the effect would be to impair, if not to destroy, the force of her testimony while on the witness stand. But if made under duress, and against her will, it might not have that effect. It was the right of plaintiff in error to have that question submitted to the jury. Again, as the matter was left, it placed the witness under the direct imputation of perjury, for both statements could not be true. It was therefore due to the witness that she be allowed to explain as to the circumstances under which the affidavit was made. But of this plaintiff in error cannot complain, perhaps, except so far as it affected his defense. But it is claimed that the interrogatory did not refer to the affidavit, the effect of which is given above, for the reason that the attorney in putting it refers to an affidavit which charges plaintiff in error with being the father of a bastard child "born to" her. This does not avoid the force of the exception. The affidavit was the same one which she had verified, and which was then before her. The question was, did she voluntarily make *that* affidavit? It is further contended that the question was improper, for the reason that it called for a conclusion instead of calling for the facts and circumstances surrounding the making of the instrument. It evidently would have been better, and more in accordance with the rules of evidence, to have asked the witness to state the fact without putting to her the question in the direct and leading form. But no objection was made on that ground. The

subject of the inquiry was "proper cross-examination." It was "competent" and "material."

For this error plaintiff in error is entitled to a new trial.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.