State v. Faber.

---

STATE v. MONS. ED. FABER.

[FILED FEBRUARY 19, 1890.]

**Liquors:** MINIMUM FINE : COURT CANNOT REDUCE. The law fixes the minimum fine for selling intoxicating liquors without license at $100 for each offense. Where, therefore, a party was found guilty on seven counts in an information for selling such liquor without a license, and a fine of $100 for each offense— being $700—was imposed, the court cannot afterward reduce such fine.

EXCEPTIONS from the district court for Harlan county, GASLIN, J., presiding. Filed under the provisions of section 515, Criminal Code.

*C. C. Flansburg,* for plaintiff in error:

The sentence must conform to the statute and its special requirements. (*Warfield v. State,* 34 Ala., 261; *State v. Sanford,* 20 Ark., 145; *People v. Sacramento,* 6 Cal., 422; *Barth v. State,* 18 Conn., 432; *State v. Harding,* 39 Id., 561; *McMeekin v. State,* 48 Ga., 335; *Ex parte Bollig,* 31

Ill., 88; *Ex parte Tongate*, 31 Ind., 370; *Rawlings v. State*, 2 Md., 201; *Commonwealth v. Howard*, 13 Mass., 221; *People v. Ontario*, 4 Denio [N. Y.], 260; *Werfeld v. Commonwealth*, 5 Binn. [Pa.], 65.) The court has no authority to remit any part of the fine in a criminal case. (*Luckey v. State*, 14 Tenn., 400.)

T. J. *Ferguson*, and L. H. *Kent, contra,* filed no brief.

MAXWELL, J.

An information containing eleven counts for selling intoxicating liquors without license was filed against the defendant in the district court of Harlan county. On being arraigned the defendant pleaded not guilty. A trial was thereupon had and the jury found him guilty on the 1st, 2d, 3d, 4th, 5th, 6th, and 11th counts of said information, and not guilty on the other counts thereof. The court thereupon sentenced him to pay a fine of $700 and the costs of prosecution, and to stand committed "until such fine and costs be paid, or otherwise be discharged by law." Afterwards the court, with the consent of the county attorney, remitted from said sentence the sum of $300.

The question presented to this court is the authority of the district court to remit a portion of the judgment.

Sec. 11, chap. 50, Compiled Statutes, provides that "All persons who shall sell or give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drinks, without having first complied with the provisions of this act, and obtained license as herein set forth, shall for each offense be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than $100, nor more than $500, or be imprisoned not to exceed one month in the county jail, and shall be liable in all respects to the public and to individuals, the same as he would have been had he given bonds and obtained license as herein provided; *Provided,* That any person or persons shall be allowed to

State v. Faber.

sell wine made from grapes grown or raised by said person or persons * * * in the state of Nebraska, the same to be sold in quantities not less than one gallon, without procuring the license provided for in this chapter."

It will be observed that the minimum fine fixed by the statute is $100 " for each offense." This being so the court cannot reduce it below that sum.

The law places in the hands of the court the power to grant a new trial when for any cause a fair trial has not been had, the design being to protect the innocent. The law, in effect, says to every judge, " It is your duty to see that every person tried before you on a criminal charge has a fair trial before an impartial jury, and that the evidence is sufficient in case of conviction to sustain the verdict. These matters necessarily must be left to a great extent to the integrity and independence of character of the judge. Where, however, he overrules a motion for a new trial, if such motion is filed, and imposes the lowest punishment fixed by statute, he has no further power to reduce the sentence.

The attempted reduction of sentence in this case, therefore, was a nullity and the defendant is still liable for the amount attempted to be remitted.

JUDGMENT ACCORDINGLY.

THE other judges concur.