STATE OF NEBRASKA, EX REL. LION INSURANCE COMPANY, ET AL. V. ELIAS BAKER, CLERK OF THE DISTRICT COURT.

FILED MAY 2, 1895.   No. 7651.

1. Supersedeas Bonds: SURETIES: APPROVAL. The only qualifications prescribed by the Civil Code for sureties on undertakings therein authorized are those mentioned in section 898, viz., that such sureties must be residents of this state, worth double the sum to be secured beyond the amount of their debts, and have property liable to execution in this state equal to the sum to be secured.

2. ———: SURETIES IN DIFFERENT COUNTIES: APPROVAL. A supersedeas undertaking executed by several sureties, but one of whom resides in the county in which such undertaking is required, the others being residents of a different county in this state, should not be rejected on the ground that the resident surety lacks the necessary property qualifications, provided his co-sureties possess all of the qualifications prescribed by law, and the undertaking in other respects satisfies the requirements of the statute.

3. Final Order: RULING ON MOTION TO REQUIRE APPROVAL OF SUPERSEDEAS BOND: MANDAMUS. The decision of the district

court, refusing to require the approval by the clerk thereof of a particular undertaking for a stay of execution pending proceedings by petition in error, is "an order affecting a substantial right in a summary proceeding after judgment," and, therefore, a final order which may be reviewed in this court upon petition in error.

ORIGINAL application for *mandamus* to compel the respondent to approve a supersedeas bond. *Writ denied.*

*Jacob Fawcett,* for relator.

*Charles O. Whedon, contra.*

POST, J.

This is an application for a writ of *mandamus* and presents the following essential facts: On the 29th day of December, 1894, the Buckstaff Bros. Manufacturing Company, a corporation, recovered a judgment against the relator in the district court of Lancaster county on a policy of insurance. On the 25th day of February, 1895, said judgment having been removed into this court for review by means of a petition in error, the relator tendered to the respondent, as clerk of the district court for said county, a supersedeas undertaking and requested the latter to examine and approve the same if found satisfactory. The respondent, while admitting that it is in due form, declines to approve it on the ground that but one of the three sureties thereon is a resident of Lancaster county, and that he is not possessed of the property qualifications prescribed by law.

It is conceded by the relator that the resident surety is not worth double the amount named in the bond over and above the amount of his debts, and is not possessed of property in this state liable to execution equal to the amount sought to be secured. It is claimed, however, and not denied, that the other sureties, who all reside in Douglas county in this state, possess the necessary qualifications.

The respondent has not only waived the issuing and service of the alternative writ, but has appeared in person and joins in requesting a construction of the provisions of the Code prescribing the qualifications of sureties in like cases. We might under ordinary circumstances decline to consider the question above suggested, since the writ must be denied on other grounds; but in view of the evident desire of the respondent to discharge his duty in a position shown to be peculiarly embarrassing, and the further fact that a decision of the question will probably prevent a second proceeding having for its object the relief herein sought, we have concluded to examine the provisions of the statute bearing upon the subject.

Section 898 of the Civil Code reads as follows: "The surety in every undertaking provided for by this Code, must be a resident of this state, and worth double the sum to be secured beyond the amount of his debts, and have property liable to execution in this state equal to the sum to be secured. Where there are two or more sureties in the same undertaking, they must in the aggregate have the qualifications prescribed in this section." The provision under which the stay is sought in this instance is section 588 of the Code, and which, so far as material to our inquiry, is as follows: "No proceeding to reverse, vacate, or modify any judgment or final order rendered in the probate court, or district court, except as provided for in the next section, * * * shall operate to stay execution, unless the clerk of the court in which the record of said judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error to the adverse party, with one or more sufficient sureties, as follows," etc. Among the many undertakings authorized by the Code we discover four special provisions only, which will control the general one above quoted, viz., section 206, for a delivery bond in favor of the sheriff holding an execution; section 219, for the discharge of an at-

tachment on the execution of a bond by the defendant or other person in his behalf; section 919, for an undertaking by the plaintiff to secure an order of arrest in a civil action before a justice of the peace; section 949, for the discharge of an attachment issued by a justice of the peace upon the execution of an undertaking, etc. There are, on the other hand, many special provisions which harmonize with the general rule of the statute, but one of which need be here cited, viz., section 234, authorizing the discharge of an attachment at any time before judgment whenever made to appear to the court that the surety on the plaintiff's undertaking is not sufficient or has removed from the state.

Residence is, as a rule, one of the qualifications prescribed for the sureties on the official bonds of county and municipal officers; but we find no authority for extending that rule to undertakings under the Code, especially in view of the express provision therein to which reference has been made. The law has conferred upon the respondent, as clerk of the district court, a discretion in determining the sufficiency of undertakings to be approved by him, and that discretion will not be controlled by the writ of *mandamus.* (*State v. Kendall,* 15 Neb., 262.) But in the case before us the respondent justifies his refusal on the sole ground that the surety residing in Lancaster county is insufficient, without regard to the qualifications of those residing in Douglas county. Assuming, therefore, what is not decided, viz., that the petition states a cause for the relief sought, it is probable that the relator would have been entitled to judgment on the pleadings but for an allegation of the answer which is confessed by the demurrer. It is therein alleged that the relator heretofore, by motion, applied to the district court for a rule upon the respondent requiring him to show cause why he should not be required to approve the identical bond mentioned in the pleadings in this cause; that he thereafter appeared in obedience to an order of the court and was examined on oath touching his reasons for

such refusal, and an order was by the court therein entered fully justifying his action in the premises and discharging him from further responsibility in the matter, which order has never been reversed or modified.    The following is the record of said order, omitting caption: "This cause now comes on to be heard on the motion of the defendant for an order directing the clerk of this court to approve the supersedeas bond tendered in this case, and, after hearing the oral evidence of the clerk of this court, the said clerk is hereby discharged from further responsibility in the matter, and upon due consideration whereof and of the statutes of this state relating to supersedeas bonds, the court holds that the law requires at least one of the sureties on a supersedeas bond to be a resident of the county where the judgment is rendered and to be financially responsible in the amount by law required.    Whereupon it is by the court ordered that said motion be, and the same is hereby, overruled, to which the said defendant duly excepted."    A final order which may be vacated, modified, or reversed upon proceedings in error is one "affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment." (Code, sec. 581.)    That the above order is one affecting a summary proceeding after judgment, within the meaning of the Code, cannot be doubted; and that the subject thereof is within the jurisdiction of the district court, as an incident to its power to control its process in the enforcement of its judgments and decrees, is a proposition not controverted by the relator.    Although a future consideration of that question on its merits may lead to a different result, we are for the purpose of this proceeding willing to adopt a conclusion satisfactory to both the relator and the respondent.    The question whether the remedy by motion, as in this instance, is exclusive or concurrent merely, is not presented and is

not decided.  It follows, however, from what has been said that the remedy pursued was an appropriate one, and the decision of the court as embodied in the final order cannot be disregarded or assailed in a collateral proceeding. The writ will, therefore, be denied, and like orders will be made on the application of the other relators, fourteen in number.

WRIT DENIED.