## JOHN NICHOLS V. STATE OF NEBRASKA.

FILED DECEMBER 2, 1896.   No. 8447.

1. **Intoxicating Liquors:** SALE OR GIFT WITHOUT LICENSE. Under the provisions of section 11, chapter 50, Compiled Statutes, 1895, each act of selling or giving away any of the liquors therein named, without a license so to do, constitutes a misdemeanor punishable by fine or imprisonment.

2. ————: ————: INFORMATION: SENTENCE. In prosecutions under said section several distinct offenses may be charged in one information or indictment in different counts, and a separate sentence should be imposed for each offense of which the accused has been convicted.

3. ————: ————: ————: COUNTS: SENTENCE. Where an information contains different counts, each charging the defendant with the sale of intoxicating liquors in violation of section 11, chapter 50, Compiled Statutes, and he is found guilty under several counts, the punishment is not to be aggregated so as to make a single or entire punishment for all of the offenses, but a separate sentence is to be imposed for each conviction, the same as though all such offenses were charged in separate informations and at different times. (*State v. Chandler*, 31 Kan., 201; *State v. Carlyle*, 33 Kan., 716.)

ERROR to the district court for Burt county. Tried below before KEYSOR, J.

*H. Wade Gillis* and *C. A. Baldwin*, for plaintiff in error.

*A. S. Churchill, Attorney General*, and *George A. Day, Deputy Attorney General*, for the state.

NORVAL, J.

This was a prosecution for selling intoxicating liquors without a license. The information contained three separate counts, and upon the trial the jury found the defendant guilty as charged in each count, and the court imposed as sentence upon the accused a fine of $300 for each offense, or count, set out in the information, and to pay the costs of prosecution. The defendant has brought the record to this court for review.

But a single point is relied upon for reversal, which we shall now consider, viz., that the fines assessed exceed the limit fixed by law. The information was framed under section 11, chapter 50, Compiled Statutes, 1895, which declares that "all persons who shall sell, or give away, upon any pretext, malt, spirituous, or vinous liquors, or any intoxicating drinks, without having first complied with the provisions of this act, and obtained a license as herein set forth, shall for each offense be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not less than one hundred dollars nor more than five hundred dollars, or be imprisoned not to exceed one month in the county jail, and shall be liable in all respects to the public and to individuals, the same as he would have been had he given bonds and obtained license as herein provided," etc. This court has held, and we think rightly, that the foregoing statute makes each and every act of selling or giving away of any of the liquors therein named, without license so to do, a misdemeanor. (*State v. Pischel*, 16 Neb., 490; *Smith v. State*, 32 Neb., 105.) The information charges the defendant with the commission of three several and distinct misdemeanors, and the offenses being of the same general character, they were properly joined in the same information. (*Burrell v. State*, 25 Neb., 581; *Martin v. State*, 30 Neb., 507.) It is the settled doctrine in this state that in prosecutions for misdemeanors, a separate sentence should be imposed on each count of the information or indictment upon which the accused has been convicted. (*Burrell v. State*, *supra; Martin v. State, supra*.) And where more than one sentence of imprisonment is passed, the judgment should not fix the day on which each successive term of imprisonment should be given, but should direct that each successive term should commence at the expiration of the one imposed by the previous sentence. (*In re Walsh*, 37 Neb., 454.) In the case at bar, as already stated, a separate fine of $300 was adjudged against the defendant under each count of the information, which was less than

the maximum sum fixed by the statute.    But it is argued
that the court did not possess the power, under the law,
to assess a fine in this case aggregating more than $500.
That is the maximum fine that can be imposed for any
violation of said section 11, and had the defendant been
convicted of but a single offense, a fine in excess of $500
could not be inflicted.    He was, however, charged with,
and convicted of, three distinct crimes, and the court
could properly fine him for each offense not exceeding the
maximum sum prescribed by law, to-wit, $500.    The ag-
gregate amount of the fines is not limited to that sum.
Had a separate information been filed for each of the
three offenses, and had convictions followed, there could
be no doubt a fine of $500 in each case might have been
inflicted.    That the crimes were joined in the same infor-
mation does not change the rule.    There were, in effect,
three prosecutions, the offenses, for the purposes of trial,
being merely joined in one information.    (*State v. Faber*,
28 Neb., 803.)  In that case the defendant was convicted
on seven counts in an information for selling intoxicating
liquors without a license, and a fine imposed of $100 for
each offense, being seven hundred dollars, was sustained.
To the same effect are *State v. Chandler*, 31 Kan., 201;
*State v. Carlyle*, 33 Kan., 716;  *State v. Hodges*, 45 Kan.,
389; *City of El Dorado v. Beardsley*, 36 Pac. Rep. [Kan.],
746.    There being no error in the record, the judgment is

AFFIRMED.