EMIL HANS v. STATE OF NEBRASKA.

FILED JANUARY 7, 1897. No. 8463.

1. **Review:** CONTINUANCE. Affidavits for a continuance must be em-
bodied in a bill of exceptions to be considered in the appellate
court.

2. **Criminal Law:** CONTINUANCE: ABSENT WITNESS. Whether the prose-
cution in a criminal case may avoid a continuance sought by the
defendant on a showing which entitles him to a postponement of
the trial on the ground of an absent witness, by the state admit-
ting merely that the witness, if present, would testify as repre-
sented in the application, is not involved in this case, and conse-
quently not decided.

3. ———: ELECTION AS TO COUNTS: REVIEW. The ruling of the court,
made before the trial commenced, denying the defendant's motion
to require the state to elect under which count or counts of an in-

Hans v. State.

formation it would rely for conviction is reviewable without being assigned as error in the motion for a new trial.

4. Intoxicating Liquors: UNLAWFUL SALE: INFORMATION: JOINDER OF COUNTS. A count charging the illegal sale of intoxicating liquors may be joined in an information containing a count charging the defendant with keeping such liquors for sale in violation of law.

5. Criminal Law: WITHDRAWAL OF REST: REVIEW. An order in a criminal case permitting the state to withdraw its rest, for the purpose of introducing further testimony, will not be disturbed where an abuse of discretion on the part of the trial court has not been shown.

6. ———: BILL OF EXCEPTIONS: OMISSION OF EVIDENCE: REVIEW. Where the bill of exceptions reveals that material evidence introduced on the trial has been omitted, this court cannot review an order denying a motion to direct a verdict, when to do so would require an examination of the proofs.

7. ———: MISDEMEANOR: DATE: PROOF. In a prosecution for a misdemeanor it is not essential that the state should prove the commission of the offense on the precise date laid in the information. It is sufficient if it be established that the crime was committed within the statute of limitations.

8. Intoxicating Liquors: UNLAWFUL INTENT: PROOF. The unlawful intent with which intoxicating liquors are kept may be presumed by the recent prior sale by the defendant of the same kind of liquors, in violation of law.

9. ———: UNLAWFUL SALE: INSTRUCTIONS. *Held*, That the first instruction did not assume the possible existence of a single fact, but merely told the jury what were the material averments of the information.

10. Instructions: CONSTRUCTION. A charge which, construed as a whole, plainly states the law applicable to the case is without error.

11. Assignments of Error. An assignment in a petition in error that the court erred in denying the motion for a new trial is too indefinite to be available where several distinct grounds are stated in the motion.

12. Intoxicating Liquors: SALE WITHOUT LICENSE. Each act of keeping for the purpose of sale, without a license or permit issued by the proper body, any malt, spirituous, or vinous liquors in this state constitutes a misdemeanor.

13. ———: ———: SENTENCE. Where an information contains two counts, each charging the keeping for sale, in violation of law, of a different kind of intoxicating liquors, and defendant is found guilty on both counts, a separate sentence is to be imposed for each conviction.

14. ———: ———: Statutes. *In re White*, 33 Neb., 812, followed upon the question of the constitutionality of chapter 33, Session Laws of 1889.

Error to the district court for Stanton county. Tried below before Norris, J.  *Affirmed.*

The facts are stated in the opinion.

*C. C. McNish*, for plaintiff in error:

The overruling of accused's motion for a continuance upon condition that the prosecuting attorney would admit the witnesses would testify to facts set forth in the affidavit accompanying the motion, was erroneous. (*Newman v. State*, 22 Neb., 248; *State v. Warden*, 8 S. W. Rep. [Mo.], 233; *State v. Berkley*, 4 S. W. Rep. [Mo.], 24; *State v. Jennings*, 81 Mo., 193; *State v. Neider*, 6 S. W. Rep. [Mo.], 708; *State v. Dyke*, 9 S. W. Rep. [Mo.], 925; *People v. Vermilyea*, 7 Cow. [N. Y.], 369; *Dominges v. State*, 7 S. & M. [Miss.], 475; *State v. Dawson*, 1 S. W. Rep. [Mo.], 827; *Carter v. State*, 35 S. W. Rep. [Tex.], 378; *Clark v. State*, 33 S. W. Rep. [Tex.], 224; *Texas & P. R. Co. v. Yates*, 33 S. W. Rep. [Tex.], 291; *Miller v. State*, 29 Neb., 437; *Goodman v. State*, 1 Meigs [Tenn.], 195; *Brill v. Lord*, 14 Johns. [N. Y.], 341; *Hardesty v. Commonwealth*, 11 S. W. Rep. [Ky.], 589; *Pace v. Commonwealth*, 12 S. W. Rep. [Ky.], 271; *Gundy v. State*, 28 Neb., 707; *Hair v. State*, 14 Neb., 503; *Wassells v. State*, 26 Ind., 30; *Carmon v. State*, 18 Ind., 450; *Page v. Arnim*, 29 Tex., 54; *Baker v. State*, 58 Ark., 513; *Pannell v. State*, 29 Ga., 681; *McLaughlin v. State*, 8 Ind., 281; *People v. Diaz*, 6 Cal., 248; *People v. Brown*, 54 Cal., 243; *State v. Salge*, 2 Nev., 321; *Nave v. Horton*, 9 Ind., 563; *Skaro v. State*, 43 Tex., 88; *De Warren v. State*, 29 Tex., 464; *Hyde v. State*, 16 Tex., 445; *Trulock v. State*, 1 Ia., 519.)

The court erred in overruling the motion to require the state to elect as to the counts upon which it would proceed to trial. (*Burrell v. State*, 25 Neb., 581; *Martin v. State*, 30 Neb., 421; *State v. Valentine*, 63 N. W. Rep. [S. Dak.],

Hans v. State.

541; *People v. Rice,* 61 N. W. Rep. [Mich.], 540; *People v. Aiken,* 33 N. W. Rep. [Mich.], 821; *Menken v. City of Atlanta,* 2 S. E. Rep. [Ga.], 559; *Griffin v. City of Atlanta,* 4 S. E. Rep. [Ga.], 154; *State v. Harris,* 20 N. W. Rep. [Ia.], 439; *People v. Rohrer,* 58 N. W. Rep. [Mich.], 661.)

The court erred in imposing a double fine. (*State v. Lancaster County,* 6 Neb., 474; *City of Tecumseh v. Phillips,* 5 Neb., 305; *Ives v. Norris,* 13 Neb., 252; *Miller v. Hurford,* 11 Neb., 377.)

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General,* for the state:

There was no error in the order overruling the motion for a continuance. (*State v. Hatfield,* 72 Mo., 518; *State v. Mooney,* 10 Ia., 506; *People v. Brown,* 59 Cal., 345; *Burrell v. State,* 25 Neb., 581.)

Other cases cited: *Hornberger v. State,* 47 Neb., 40; *Rauschkolb v. State,* 46 Neb., 658.

NORVAL, J.

John A. Ehrhardt, the county attorney of Stanton county, filed an information in the district court of that county containing seventeen counts, the first fifteen of which charged Emil Hans with the unlawful selling of intoxicating liquors to different persons at various dates, and the remaining two counts charged him with keeping intoxicating liquors for the purpose of sale in violation of law. The accused, upon the trial, was found guilty as charged in the last two counts of the information, and acquitted on the other counts. A motion for a new trial was overruled, and the court sentenced the defendant to pay a fine of $100 on each of the two counts of the information under which he was found guilty.

The first matter of which complaint is made is the overruling of the defendant's motion for a continuance. A reversal cannot be had on this ground, for the reason it does not appear that the defendant was prejudiced by the ruling, or that there was any merit in his application.

The motion states no reason for the postponement of the trial over the term, but purports to have been based upon an affidavit of some person not named in the application, and no such affidavit has been incorporated in the bill of exceptions. There is contained in the transcript what purports to be the copy of an affidavit made by the defendant which, judging from its scope, is possibly the one referred to in the motion. But whether or not it was used on the hearing, the record is wholly silent. Not having been embodied in the bill of exceptions, the affidavit is not entitled to consideration. (*Strunk v. State*, 31 Neb., 119; *Vallindingham v. Scott*, 30 Neb., 187; *Olds Wagon Co. v. Benedict*, 25 Neb., 372; *Van Etten v. Kosters*, 31 Neb., 285.)

The attorney general argues that, should the affidavit referred to be considered, and it was sufficient to support the application, there was no error in refusing the continuance, because the record shows that the county attorney, in open court, admitted that the witnesses named in the affidavit, if present, would testify to the facts therein set forth, and that such facts could be read to the jury as evidence, and that thereupon the ruling assailed was made. Counsel for the accused strenuously insist that the admissions of the prosecutor just mentioned were insufficient to prevent a postponement of the trial or to cure the error in denying the application therefor. This court has held in a civil case (*Burris v. Court*, 48 Neb., 179) that it is not reversible error to deny an application for a continuance based upon allegations of the absence of a witness from the state, and of the facts to which he is expected to testify, when the party resisting such application admits that the testimony of the witness would be as represented and may be so treated on the trial. Whether the same rule obtains in criminal prosecutions this court has not hitherto offered an opinion, and it will not do so now, owing to the fact that the question is not sufficiently presented by the record. It may be noted in passing that the courts

of the sister states are divided in their holding upon the proposition. (See authorities cited in the briefs filed herein, also 4 Ency. Pl. & Pr., p. 865.)

Objection is taken to the overruling of the defendant's motion made prior to the commencement of the trial, to require the state to elect whether it would proceed to trial upon the first fifteen counts of the information or the last two counts thereof. The answer of the state to this is that the ruling cannot be considered because not raised in a motion for a new trial. In the last contention we do not concur. The purpose of a motion for a new trial is to challenge the attention of the trial court to its rulings made during the trial proper,—that is, from the beginning of the impaneling of the jury until the return of the verdict,—in order that any errors therein may be speedily corrected before the case has passed beyond its control. Decisions not made during the trial, to which class the one under consideration belongs, are available on review, although not mentioned in a motion for a new trial, because they are not grounds for which a new trial can be moved. In *Bohanan v. State*, 15 Neb., 209, it was asserted that the ruling on a plea in abatement could be reviewed without having been assigned as error in the motion for a new trial. (See *O'Donohue v. Hendrix*, 13 Neb., 255; *Graves v. Scoville*, 17 Neb., 593.) In *Ford v. State*, 46 Neb., 390, it was ruled that alleged errors in overruling challenges to jurors are not available when not called to the attention of the trial court in the motion for a new trial, since such rulings occurred during the trial.

As already stated, the last two counts charged the defendant with the unlawful keeping of intoxicating liquors for sale, while the other counts charged the illegal sale of liquors. Separate and distinct crimes, it must be conceded, are joined in the information. The rule in regard to joinder of counts in cases of misdemeanors is that several distinct offenses of the same kind may be united in that manner in the same information. As stated by

Mr. Black in his valuable treatise on Intoxicating
Liquors, section 387: "To sell liquor unlawfully and to
keep it for sale unlawfully are entirely distinct offenses
under these statutes, founded on distinct criminal pur-
poses, and completed by different criminal acts.   Hence
it follows that although the offender will be liable to
prosecution under a statute for the unlawful selling of
liquors when the sale is consummated, this will not
hinder his being punished for the unlawful keeping of
liquors before the sale.   For the same reason, a convic-
tion or acquittal for one of these offenses is no bar to the
prosecution for the other, and the evidence of a sale ad-
mitted on the trial for the selling is admissible on a sub-
sequent trial for the unlawful keeping."   It does not
follow, because more than one crime is charged, that the
state was required to make an election of the counts of
the information under which it would proceed to trial
and rely for conviction.   The selling of liquors without
license and the keeping them for illegal sale, it is true,
are separate and distinct offenses, but they are all of the
same grade and belong to the same general group or class
of crimes, therefore they are properly joined in separate
counts of the same information.   (*Burrell v. State*, 25
Neb., 581; *Martin v. State*, 30 Neb., 507; *Nichols v. State*,
49 Neb., 777; Black, Intoxicating Liquors, sec. 442; *State
v. Klein*, 78 Mo., 627; *Tillery v. State*, 10 Lea [Tenn.], 35;
*People v. Charbineau*, 115 N. Y., 433; *Commonwealth v.
Gillon*, 84 Mass., 505; *Walters v. State*, 5 Ia., 507; *Common-
wealth v. Moorhouse*, 67 Mass., 470.)   In *Burrell v. State*, 25
Neb., 581, it is ruled that counts for selling intoxicating
liquors on Sunday may be joined in an indictment con-
taining a charge against the same person with selling
such liquors to a minor; thus permitting the uniting in
the same indictment or information of separate and dis-
tinct offenses belonging to the same class, although dif-
fering in degrees of punishment.   In *Commonwealth v.
Clark*, 80 Mass., 367, it was asserted that counts for the
manufacturing for sale, for being a common seller, and

for a single sale of intoxicating liquors, in violation of statute could be properly joined in the same indictment. In *State v. McLaughlin,* 27 Pac. Rep. [Kan.], 840, it was held that a count for maintaining a nuisance under section 13 of the prohibitory law of Kansas was properly united in an information with other counts charging illegal sales of intoxicating liquors under another section of the same law. No good reason has been suggested why the several counts should not have been united in this information, and there is sufficient cause for their joinder. While the offense for selling intoxicating liquors without a license is separate and distinct from that of keeping such liquors for illegal sale, each belongs to the same class of crimes. The offenses are of a kindred nature, and whether tried jointly or separately, as was well said by the supreme court of Kansas, they "must be tried in the same way, and largely upon the same evidence." It was stated in *Hornberger v. State,* 47 Neb., 40: "The unlawful intent with which the liquors were kept may be presumed from the fact of their sale in violation of law. When under an information for keeping intoxicating liquors for sale, a sale is proved, the burden is upon the accused to show that he held a license or permit from the proper authorities." We are persuaded that no error was committed in overruling the defendant's motion to elect.

Upon the state resting its case, the defendant requested the court to direct a verdict for the accused under the sixteenth and seventeenth counts of the information, whereupon the county attorney asked, and was given, leave, over objection of defendant, to withdraw the rest for the purpose of introducing further testimony, which request was granted, and additional testimony was received on behalf of the prosecution. Complaint is made of this action of the trial court, but as no abuse of discretion is shown, this court will not interfere. (*Seiber v. Weiden,* 17 Neb., 582; *Gillette v. Morrison,* 9 Neb., 395; *Tomer v. Densmore,* 8 Neb., 384; *Chicago, B. & Q. R. Co. v.*

*Goracke,* 32 Neb., 90; *Pence v. Uhl,* 11 Neb., 320; *Yeoman v. State,* 21 Neb., 171.)

Error is predicated upon the refusal of the court, after the state had rested its case the second time, to direct the jury to return a verdict of not guilty as to the last two counts of the information. This point is not properly saved by the record for review. It is disclosed on page 97 of the bill of exceptions that the state, in making out its case in chief, introduced in evidence the half barrel of "Raspberry Cordial" and two cases of "Eggine" identified and referred to by the witnesses as having been found secreted on defendant's premises, and that two samples of the last named liquid were marked by the official reporter for identification as exhibits "B" and "C," respectively, and that he likewise marked a sample of the "Raspberry Cordial" exhibit "D." It is also recited that those exhibits are made part of the bill of exceptions; but we are unable to discover as part of the record either the half barrel of "Cordial" or "Eggine" introduced in evidence, much less samples of either of them. The bill of exceptions contains internal evidence that it does not contain all the evidence which was before the court and jury when the request to direct a verdict of acquittal was made; hence this court is unable to determine whether the ruling assailed was right or wrong. The presumption must be indulged, in the absence of part of the testimony—the liquors in question, that the decision was right. One of the controverted questions of fact on the trial was whether the liquors were intoxicating, and samples thereof not having been preserved by the bill of exceptions, we have not the means afforded the trial court and jury, of determining the intoxicating character of the "Cordial" and "Eggine," and the assignment of error under consideration is accordingly overruled. (*Missouri P. R. Co. v. Hays,* 15 Neb., 224; *Nelson v. Jenkins,* 42 Neb., 133; *Warner v. Hutchins,* 48 Neb., 672.)

The ruling of the court is criticised which denied de-

fendant's motion to strike out the testimony of Solomon
Denny as to the sale of the liquor made to him by the
defendant on the 5th of November, 1894.    The ground of
this complaint is that the accused was not charged with
selling, or keeping for sale, any intoxicating liquors on
that date.    This is true, but that did not render the tes-
timony incompetent.    The state was not confined in its
proof to the particular dates alleged in the information.
It is sufficient if the proof tended to establish the com-
mission of the offense within the period limited by stat-
ute for the prosecution thereof.    (*Yeoman v. State*, 21 Neb.,
171;  *Palin v. State*, 38 Neb., 862.)    This doctrine does
not conflict with *State v. Pischel*, 16 Neb., 490, cited by
counsel for the accused, since in that case it was merely
decided that each act of selling any of the liquors named
in the statute constituted an offense, and that an indict-
ment was therefore had which charged the sale of all
the liquors mentioned in the law on a particular day
with a *continuando*.    The counts of the information un-
der which the convictions in the case at bar were had
fix the date of the commission of the offenses on No-
vember 17, 1894, just twelve days subsequent to the ille-
gal sale of liquor to Denny.    Such a sale was pertinent
and proper to establish the unlawful purpose of the de-
fendant in keeping the liquors found in his possession.
(*Hornberger v. State*, 47 Neb., 40.)

The seventh and ninth assignments of error will be
considered together, as they present the same question
for review.    The state was permitted to prove on the
trial by W. L. Bowman and S. Persons the per cent of
alcohol contained in the "Raspberry Cordial," also in the
"Eggine," or "Tom and Jerry," as called by some of the
witnesses.    Several objections were made by the defend-
ant's counsel to those witnesses answering the interroga-
tories of the state put to each of them for the purpose of
eliciting testimony upon the line just indicated, but the
only objection upon which reliance is now placed is that
no proper foundation was laid for the introduction of the

testimony. It is obvious the purpose of the prosecutor was to establish that the liquors were intoxicating, which was a material issue in the case. Proofs having been introduced tending to show that said "Raspberry Cordial" and "Eggine" were found in the defendant's possession near the date mentioned in the information, and that he had previously sold the same kinds of. liquors, it was then competent to show the intoxicating character of those in controversy. What was intended by the objection, doubtless, was that the witnesses had not shown themselves competent to testify upon the matter which the question put to them was sought to elicit, and, so regarding the scope and purpose of the objection, we think it was well taken, as the record had not at that time disclosed either witness was able to tell whether this "Raspberry Cordial" or "Eggine" contained alcohol, or was intoxicating or not. This omission was, however, supplied by the subsequent testimony of the same witnesses, although while both were physicians of long standing, it was not disclosed that either was a proficient judge of intoxicating liquors, yet sufficient knowledge of the subject was possessed to make the testimony of each competent. The weight to be accorded the same was solely for the jury to determine. Furthermore, after the objection alluded to was interposed, each witness unchallenged testified to the per cent of alcohol in the said samples submitted to him, besides the defendant's counsel also fully elicited the same evidence from each of them, so that any error committed in the ruling upon said objection was without prejudice.

Complaint is made of the first instruction, which reads as follows:

"1. The defendant, Emil Hans, is charged in the information with selling intoxicating liquors, at various times, to different individuals, as set forth in the information, without having obtained a license to sell such liquor, as provided by law. Defendant is also charged with keeping for sale on the 17th day of November, 1894,

vinous liquors, consisting of one half barrel of 'Raspberry Wine,' and spirituous liquors, consisting of two cases of prepared 'Tom and Jerry,' without having procured a license for the sale thereof in compliance with the laws of this state."

A single vice is imputed to the foregoing, which is that it assumes that the "Raspberry Wine" was vinous liquor and that "Tom and Jerry" was a spirituous liquor, and that it was necessary for the defendant to have a license to sell the same to entitle him to keep the same in his possession. This criticism is unjust. The court assumed the existence of no fact, but merely stated the nature of the offenses charged in substantially the language of the information.

Another assignment is that the court erred in giving the third paragraph of the charge. That instruction related alone to the offenses set forth in the first fifteen counts of the information, and informed the jury what was necessary for the state to establish before a conviction could be had thereunder. Since the defendant was acquitted under all of said counts, it is useless to examine the instruction, inasmuch as the defendant was not prejudiced by its giving.

It is next objected that the court erred in giving this instruction:

"4. The statutes of this state make it unlawful for any person to keep for the purpose of sale without license any malt, spirituous or vinous liquors in this state, and the possession of any such liquor is made presumptive evidence of the violation of the law, unless, after examination, he shall satisfactorily account for and explain the possession thereof, and that it was not kept for any unlawful purpose."

The foregoing is substantially in the language of a portion of section 20, chapter 50, Compiled Statutes, entitled "Liquors." It is argued that the presumption of a violation of said law arises from the possession of such liquors only when they have been seized under

a search warrant contemplated by the statute, and
the person therein named has been taken before a mag-
istrate for examination.  For the purposes of the case
at bar, the soundness of said contention may be conceded,
and yet the instruction was not erroneous, because it was
developed on the trial that the liquors were actually
seized by the sheriff, on a warrant issued by the county
judge, and that the defendant was taken before him for
examination.  So that upon the defendant's own con-
struction of the statute, irrespective of what may be the
true interpretation, the instruction was faultless.

The fifth instruction is assailed on the ground that it
permitted the jury to find the defendant guilty of both
the sixteenth and seventeenth counts, even though the
evidence should disclose that he was only guilty of the
offense charged in one of them.  The instruction, when
considered in connection with the one following it, is not
susceptible of the construction placed thereon by counsel.
The jury were directed by the sixth instruction to con-
sider each count of the information and ascertain and de-
cide from the evidence whether the defendant was guilty
or not guilty of any one of the offenses charged.  It is a
familiar rule that instructions must be construed to-
gether.

The observations made on the criticisms urged against
the third instruction are equally applicable to the assign-
ment of error based upon the giving of the seventh in-
struction, and such assignment is overruled without fur-
ther consideration.  The charge, construed as a whole,
plainly stated the law applicable to the case, and was
not prejudicial to the accused.

A reversal is asked for the refusal of the court to give
the following request of the defendant:

"5. You are instructed that the state must prove that
on the 17th day of November, 1894, the defendant had in
his possession the 'Raspberry Wine' and 'Tom and Jerry,'
and the fact that on the 19th day of November, 1894, the
sheriff found the same is not proof that he had said prop-

erty in his possession on the 17th day of November, 1894, and it is for you to determine whether the state has proven the same or not."

This request was erroneous and rightly refused, because it made it obligatory upon the state to prove that the defendant had possession of the liquors named on November 17, the date mentioned in the information. Such, as we have already shown by the adjudications of this court, is not the law.

We decline to consider the assignment that the verdict is not sustained by sufficient evidence, because the "Raspberry Cordial," and "Eggine," or "Tom and Jerry," introduced in evidence in the lower court are not before us. To consider the remainder of the evidence without them might lead us to a wrong conclusion.

Objection is made to the overruling of the motion in arrest of judgment. It contained five grounds. Only two are here relied upon, namely, that the information does not state facts sufficient to constitute a crime and the several different offenses are improperly joined. Neither of the grounds possesses any merit. The two counts under which convictions were had are sufficient in form and substance, and we have already held that there was no misjoinder of offenses.

The overruling of the motion for a new trial is assigned as error. This assignment is too indefinite to be available, inasmuch as the motion for a new trial was based upon several distinct grounds. (*Conger v. Dodd*, 45 Neb., 39; *Glaze v. Parcel*, 40 Neb., 732; *Pearce v. McKay*, 45 Neb., 296; *Sigler v. McConnell*, 45 Neb., 598.)

Section 1, chapter 33, Laws, 1889 (Compiled Statutes, ch. 50, sec. 20), provides, *inter alia*, that "Hereafter it shall be unlawful for any person to keep for the purpose of sale, without license, any malt, spirituous or vinous liquors in the state of Nebraska, and any person or persons who shall be found in possession of any intoxicating liquors in this state with the intention of disposing of the same without license in violation of this chapter, shall

be deemed guilty of a misdemeanor, and on conviction thereof shall be fined or imprisoned as provided in section eleven of this chapter," etc. The foregoing makes a crime of each and every act of keeping for unlawful sale any one of the liquors enumerated in the section; in other words, the having in one's possession any vinous liquors for the purpose of sale without a license or permit is a separate and distinct offense from that arising from the keeping of any spirituous liquors for disposal in violation of law. We must not be understood as intimating that each day the liquors are kept for illegal sale constitutes a separate offense. On the contrary, the offense is a continuing one, and so long as there has been no interruption, there is but one keeping. The sixteenth count of the information charges the unlawful keeping for the purpose of sale without a license certain vinous liquors, consisting of a half barrel of "Raspberry Wine," and the seventeenth count charges the keeping for the same unlawful purpose certain spirituous liquors, consisting of two cases of "Tom and Jerry." Therefore two separate and distinct offenses are alleged, and the defendant having been convicted of both, a separate sentence for each within the limit fixed by section 11, chapter 50, Compiled Statutes, was properly imposed for each offense. (*State v. Pischel,* 16 Neb., 490; *Smith v. State,* 32 Neb., 105; *Nichols v. State,* 49 Neb., 777.)

It is finally insisted that said chapter 33 of the Session Laws of 1889 is unconstitutional, in that the title of the act is too restrictive, or not broad enough to include the legislation embraced thereunder. The precise question was before the court in *Re White,* 33 Neb., 812, and was decided adversely to the contention of this defendant. No sufficient reason has been suggested for disturbing the construction of the act given in that case, and it will be followed.

After a scrupulous consideration of the several assignments of error, and the able argument of counsel for the

.accused, we fail to discover any reversible error in **the** record, and the judgment is therefore

#### AFFIRMED.